January 23, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2025

**VIA ECF**
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *United States v. Global Business Travel Group, Inc. et al.*
               No. 1:25-cv-00215 (VM) – Defendants' Letter Requesting
               Expedited Case Management Conference

Dear Judge Marrero:

    This action, brought by the United States of America ("Plaintiff") under Section 7 of the Clayton Act, 15 U.S.C. §18, seeks to enjoin the proposed acquisition of CWT Holdings, LLC by Global Business Travel Group, Inc. (collectively "Defendants," and Defendants with Plaintiff, the "Parties"). Plaintiff filed its Complaint on January 10, 2025 (ECF No. 1), and, from that day, Defendants have pressed Plaintiff to resolve key scheduling, case management, and discovery gating items that typically are resolved early in merger litigations. Acquisition-related exigencies tend to abbreviate litigation timelines, as Plaintiff knows well, and tending to procedural housekeeping at the outset is one way parties can assist the Court in setting an appropriately expedited schedule. Here, as Plaintiff knows well, there are exigencies. Defendants will submit shortly a supporting exhibit showing the exigencies that underlie the need for a decision by late June. Despite Defendants' efforts, Plaintiff has refused to take these basic steps, leaving the Parties at an impasse on two critical, preliminary issues: (1) a proposed trial date; and (2) production of Plaintiff's investigation file. Defendants therefore respectfully request an expedited case management conference during the week of January 27, or at the Court's earliest convenience, to resolve these issues.

    ***Trial Date***. Merger challenges proceed on an expedited schedule, and Defendants wish to set a reasonably expeditious case schedule with parameters for discovery consistent with that schedule. *See* 15 U.S.C. § 25 (providing that, in an injunctive action under Section 7 of the Clayton Act, "the court shall proceed, as soon

Honorable Victor Marrero
January 23, 2025
Page 2

as may be, to the hearing and determination of the case"). By way of example, this Court initially ordered a schedule spanning four months between complaint and trial in *United States et al. v. Deutsche Telekom AG et al*. Plaintiff has been well-aware throughout its investigation of the exigencies. On the same day the Complaint was filed, Defendants stressed to Plaintiff that a trial beginning in late May, assuming an estimated two weeks of trial followed by this Court's decision, was necessary. Nevertheless, Plaintiff provided a draft proposed case management order contemplating a September trial. Defendants countered two hours later with a proposed May 27 trial date, consistent with the earlier conversation. Despite four discussions over nearly two weeks, Plaintiff has not offered a concrete alternative to Defendants' May 27 proposal besides its September trial date. Defendants respectfully request the Court's assistance in resolving this critical gating item.

*Plaintiff's Investigation File*. On the day the Complaint was filed, Defendants' counsel asked Plaintiff to produce its investigation file—i.e., the documents and testimony that Plaintiff gathered during its nine-month, pre-complaint investigation. Production of these materials early in merger litigation is routine—an implicit acknowledgement that, thanks to its investigation that reaches documents, data, and testimony from third parties, Plaintiff enjoys a significant advantage in preparing for trial. Here, Plaintiff has consistently taken the position that it will not produce any materials until after a protective order is entered. Over the past two weeks, Defendants negotiated protective order terms in good faith, but also continued to press Plaintiff to produce its file. Moreover, Defendants agreed that materials in Plaintiff's investigation file would be designated for disclosure during litigation only to Defendants' outside counsel, the highest possible designation for protection of sensitive materials. Still, Plaintiff refused to begin production and slow-rolled negotiation of a proposed protective order.

Yesterday, Plaintiff disclosed for the first time that its investigation file includes information from *175 third parties*. Plaintiff also informed Defendants that it will need *two weeks following entry of the protective order* before it can produce *any* of its investigation file to Defendants, in order to provide the third parties notice of production and an opportunity to object. Defendants were surprised to learn, two weeks into discussions about producing the investigation file, that Plaintiff had not yet notified any of the 175 third parties that their materials will be produced in this litigation. Even more troubling is Plaintiff using the sizable number of third parties as an excuse to delay production, knowing that Defendants need to get a decision in this case no later than June. Plaintiff knows well that Defendants will need to review all materials and consider taking discovery of all of the third parties, and apparently decided to delay Defendants' access as much as possible. Nothing prevents Plaintiff from notifying third parties now, through a blast email to all 175 entities, that Plaintiff

Honorable Victor Marrero
January 23, 2025
Page 3

will be producing the investigative materials, and that the materials will be disclosed to Defendants' outside counsel only. Given that the Parties agree that, under the proposed protective order, materials from the investigative file will remain "outside counsel only"—the highest protection possible—there is no reason for Plaintiff to insist on waiting for entry of the protective order and time for objections before producing the materials. Plaintiff's refusal to produce its investigation file for several more weeks is a tactic to keep its litigation advantage, given the breadth of the file, and given that Plaintiff has access to all these materials to prepare for trial, while Defendants have none.

\*   \*   \*

Despite good-faith efforts to confer on these issues, the Parties unfortunately have been unable to make progress, and Defendants believe the Parties are now at an impasse. Consistent with Fed. R. Civ. P. 16(a), Defendants therefore seek an expedited status conference to be held during the week of January 27, or at the Court's earliest convenience, so that the Court may address these scheduling and other case-management issues.

Defendants sought Plaintiff's agreement to make the instant request for an expedited case management conference a joint request. Plaintiff has informed Defendants that Plaintiff declines to join Defendants' request.

Respectfully submitted,

/s/ *Steven C. Sunshine*
Steven C. Sunshine (Bar No. SS8158)
Julia K. York (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, DC 20005
Telephone: (202) 371-7860
Facsimile: (202) 661-0560
Email: steve.sunshine@skadden.com
Email: julia.york@skadden.com

Honorable Victor Marrero
January 23, 2025
Page 4

    Kenneth B. Schwartz
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    One Manhattan West
    New York, New York 10001
    Telephone: (212) 735-2731
    Facsimile: (917) 777-2731
    Email: ken.schwartz@skadden.com

    Michael L. Weiner
    Lee F. Berger (*pro hac vice pending*)
    STEPTOE LLP
    1114 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 506-3957
    Facsimile: (202) 429-3902
    Email: mweiner@steptoe.com

    *Counsel for Defendant Global Business Travel Group, Inc.*

    /s/ *Michael F. Murray*
    Michael F. Murray (*admitted pro hac vice*)
    Paul Hastings LLP
    2050 M St. NW
    Washington, DC 20036
    Telephone: (202) 551-1730
    Email: michaelmurray@paulhastings.com

    *Counsel for Defendant CWT Holdings, LLC*

cc:
    Jeffrey Vernon, Esq., via ECF
    James Moore, Esq., via ECF

---

Defendants' request for an expedited case management conference is **DENIED**. Given that one Defendant has not yet answered the Complaint and the various pre-trial disputes outlined in the Defendants' letter, a later trial date is warranted. Trial is hereby scheduled to begin on September 8, 2025, at 9:00 am. The parties are directed to consult the Court's Trial Procedures regarding deadlines on its website.

**SO ORDERED.**

                Victor Marrero
                U.S.D.J.

Dated: January 24, 2025