

michaelmurray@paulhastings.com

January 29, 2025

**VIA ECF**

Hon. Victor Marrero
United States District Court for the Southern District of New York
500 Pearl St.
Courtroom 15B
New York NY 10007

Re:     *United States of America v. Global Business Travel Group, Inc. and CWT Holdings, LLC*, No. 1:25-cv-00215-VM

Dear Judge Marrero:

I represent CWT Holdings, LLC ("CWT") in the above-referenced action. Pursuant to Your Honor's Individual Practices § II(H), CWT submits the following request for permission to seal Exhibit A to the Declaration of Michael F. Murray offered to support Defendants' Motion for Reconsideration ("Reconsideration Motion") submitted to the Court on January 29, 2025. Exhibit A is a highly confidential submission that CWT made to the United Kingdom's Competition and Markets Authority ("CMA") on January 23, 2025, in connection with the CMA's review of CWT's anticipated acquisition by Global Business Travel Group, Inc. ("GBT").

Exhibit A has been granted the utmost confidential protections as the CMA carries out its separate review of the transaction at issue in this present lawsuit. As such, CWT respectfully requests Your Honor similarly maintain the confidential protections bestowed on the document for the reasons discussed herein. If Your Honor denies CWT's request to seal Exhibit A, CWT respectfully requests, in the alternative, to strike Exhibit A from the record, as public disclosure of the material, as described in this letter, would cause immediate and irreparable harm to CWT so as to not warrant consideration in support of Defendants' Reconsideration Motion.

Mindful of the public right of access to judicial records, CWT has narrowed the scope of this request to Exhibit A itself and does not attempt to seal any references thereto in Defendants' Reconsideration Motion or in the Declaration of Michael F. Murray. Pursuant to Your Honor's Individual Practices, CWT identifies counsel for Plaintiff United States of America and counsel for Defendant GBT as those who should have access to the sealed or unredacted versions of the filing.

### I.     LEGAL STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under



The Honorable Judge Victor Marrero
January 29, 2025
Page 2

this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents;" (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

### a.  *The Document in Question is a "Judicial Document"*

CWT acknowledges that Exhibit A is a judicial document with a presumption of public access.

### b.  *The Weight of Any Presumption of Access Is Low*

"The weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119–20). The stage of the litigation is a key consideration in determining whether the material can be sealed. The "presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication. Such documents include those relating to the decision of a motion for summary judgment." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (internal quotations and citations omitted).

Precisely where "documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access *absent* a countervailing reason." *Lugosch*, 435 F.3d at 121 (internal quotation and citation omitted) (emphasis added). Further—and as this Court has ruled—"[i]n cases of unusual scope and complexity, [] broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (citing *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 148 (2d Cir. 1987)).

Here, the public interest in the information that CWT seeks to seal in connection with Defendants' Reconsideration Motion is low: the exhibit supports a motion for reconsideration related to Defendants' letter request for an expedited case management conference, *see* Dkt 17, which simply outlined the need to resolve two preliminary issues in the case expeditiously. Exhibit A is submitted for the Court to adjudicate the need to reconsider its prior order related to Defendants' request for an expedited trial—not to adjudicate the merits of the case. It has little, if anything, to do with the Court's substantive "exercise of Article III judicial power," and the "value" of the information CWT seeks to seal "to those monitoring the federal courts" is minimal, particularly given the early stage of the case. *Bernstein*, 814 F.3d at 142.

PAUL
HASTINGS

The Honorable Judge Victor Marrero
January 29, 2025
Page 3

Moreover, the circumstance here is miles away from a "motion for summary judgment," where the weight of the presumption of access may be higher. *Gambale*, 377 F.3d at 140. CWT is a privately-held company and seeks only to shield sensitive business and financial information, which provides no distinctive benefit to the public. *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of . . . competitively sensitive financial information *provides no specific benefit to the public*, including competitors. The competitive disadvantages . . . if such information were disclosed outweighs the general public interest in disclosure.") (emphasis added). As such, the weight of the presumption of access to the commercially sensitive business information that CWT seeks to seal is diminutive given its connection to a reconsideration motion concerning a preliminary, non-substantive letter requesting an expedited case management conference.

    c.   *Competing Interests against Disclosure are Strong and Outweigh any Right of Public Access*

Courts in this district have recognized the prevention of competitive harm as a paramount countervailing interest that can override even the strongest public right of access. *See e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (identifying "the possibility of competitive harm to an enterprise if confidential business information is disclosed" as a strong interest meriting sealing); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (granting sealing over strategic business initiatives). Exhibit A includes sensitive information which CWT keeps closely guarded. Allowing CWT's competitors access to this internal information would cause CWT substantial competitive harm, as those competitors would undoubtedly try to use that information to their advantage.

Indeed, a party's interest in preserving competitively sensitive financial information frequently merits sealing when they are "sources of business information that might harm a litigant's competitive standing." *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225–26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Such forward-looking business information regarding CWT, if revealed, will certainly "provide valuable insights into [CWT's] current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y 2015) (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).

Further compelling sealing, Exhibit A contains closely guarded material of a privately-held company—information which courts in this district routinely find warrant confidential treatment. *See e.g., Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 WL 1743109, at *9 (S.D.N.Y. April 23, 2024) ("[D]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.") (internal quotation and citation omitted). It is manifestly clear that disclosure of Exhibit A would cause significant and irreparable harm to CWT if not sealed.

Finally, as aforementioned, Exhibit A has been submitted on a strictly confidential basis to the CMA in the United Kingdom and granted the utmost confidential protections while the CMA



The Honorable Judge Victor Marrero
January 29, 2025
Page 4

carries out its separate review of the present transaction. Disclosure of the contents of Exhibit A will severely hinder CWT's ability to maintain confidentiality over CWT's highly confidential information from public view before and after the CMA concludes its regulatory review.

In sum, CWT has a compelling interest in shielding the subject information that greatly outweighs the light weight of the presumption of access as detailed above: the material belongs to a privately-held business, is forward-looking in nature, and is competitively sensitive to the greatest extent.

\*    \*    \*

CWT respectfully requests that the Court keep under seal Exhibit A attached hereto. Should Your Honor deny CWT's request to keep Exhibit A under seal, CWT respectfully moves in the alternative to strike Exhibit A from the record, as public disclosure, as mentioned herein, would be so damaging to CWT as to not warrant consideration in support of Defendants' Reconsideration Motion.

Respectfully submitted,

*/s/ Michael F. Murray*

Michael F. Murray (*admitted pro hac vice*)
Ryan P. Phair (*admitted pro hac vice*)
Paul Hastings LLP
2050 M St. NW
Washington, DC 20036
(202) 551-1730
michaelmurray@paulhastings.com
ryanphair@paulhastings.com

*Counsel for Defendant CWT Holdings, LLC*