**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:____2/3/2025____

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

GLOBAL BUSINESS TRAVEL GROUP,
INC., and CWT HOLDINGS, LLC,

*Defendants*.

Civil Action No.: 1:25-cv-00215-VM

---

**STIPULATED PROTECTIVE ORDER**

---

To ensure the efficient and prompt resolution of this Action, facilitate discovery by the Parties litigating this Action, and protect Confidential Information and Highly Confidential Information from improper disclosure or use, the Parties have stipulated to the provisions set forth below.  The Court, upon good cause shown and according to Federal Rule of Civil Procedure 26(c)(1) and all applicable Southern District of New York Local Rules, ORDERS as follows:

I.    **GENERAL PROVISIONS**

    A.    **Definitions**

       1.    "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

       2.    "Confidential Information" means the portion of any Investigation Materials or Litigation Materials that contains Personally Identifiable Information ("PII") or trade secrets or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G),

1

unless such Investigation Materials or Litigation Materials have otherwise been made publicly available.

3. "Defendants" refers to Global Business Travel Group, Inc. and CWT Holdings, LLC, their successors and assigns, and their subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

4. "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

5. "Document" means any document, data, or electronically stored information as such term is used in Federal Rule of Civil Procedure 34(a).

6. "Highly Confidential Information" means any Confidential Information the disclosure of which the Protected Person reasonably believes would cause substantial injury to the Protected Person's current or future commercial or financial interests, including trade secrets; current margin, cost, or pricing information; current non-public contract terms and sales, marketing, and negotiation strategies; projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; proprietary software, systems, or processes; and forward-looking financial, marketing, or strategic business planning information, which, if disclosed, could cause competitive harm or reasonably threaten any party's commercial interests.

7. "In-House Litigation Counsel" means in-house attorneys of each Defendant with responsibilities for the litigation of this Action who do not currently, and for a

period of nine (9) months following the conclusion of this Action, do not participate in or advise on competitive decision-making at the Defendant.

8. "Investigation" means any pre-Complaint review, assessment, or investigation by Plaintiff of the Proposed Transaction.

9. "Investigation Materials" means documents, data, communications, transcripts of testimony, expert analysis or reports, white papers, or other materials relating to the Investigation that were created prior to January 10, 2025, including, but not limited to, those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311–1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any non-Party provided to Plaintiff, either voluntarily or under compulsory process; (b) Plaintiff provided to any non-Party; or (c) any Party provided to any opposing Party.  Investigation Materials does not include expert disclosures, the treatment of which is addressed in the Parties' proposed Case Management Order.

10. "Litigation Materials" means documents, data, communications, transcripts of testimony, or other materials in connection with, and during the pendency of, this Action that (a) any non-Party provides to any Party, either voluntarily or under compulsory process; (b) any Party provides to any non-Party; (c) any Party provides to any opposing Party.  Provided, however, that Litigation Materials does not include any written comment relating to a proposed consent judgment in this Action that is submitted pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)–(h).

11. "Outside Counsel of Record" means the law firm(s) representing Defendant(s) in this Action, including any attorneys, paralegals, and other professional personnel

(including IT professionals and support staff) employed by such law firm(s) and assigned to this Action.

12. "Party" means the United States or any Defendant in this Action. "Parties" means collectively the United States and all Defendants in this Action.

13. "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

14. "Personally Identifiable Information" or "PII" means a natural person's (a) Social Security number; (b) driver's license number, or state or federal government identification number, or foreign country equivalent identification number; (c) passport number; (d) financial account number; (e) credit or debit card number; (f) name, address, or phone number in combination with their date of birth; or (e) personal health information.

15. "Plaintiff" means the United States and its employees, agents, and representatives.

16. "Pretrial Period" means the time between the filing of this Action and the first day of any trial of this Action.

17. "Proposed Transaction" means Global Business Travel Group, Inc.'s proposed acquisition of CWT Holdings, LLC.

18. "Protected Person" means any Person, including any Party or non-Party, that provided Investigation Materials or provides Litigation Materials.

**B.      Computing Time**

19. Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

C.      **Persons Bound by This Order**

20. This Order is binding on the Parties, their attorneys, successors, representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, contractors, experts, and consultants, all non-Parties providing discovery in this Action, and all other interested Persons with actual or constructive notice of this Order, upon pain of contempt.

D.      **Notice of This Order to Non-Party Protected Persons**

21. Within two (2) business days of the Court's entry of this Order, Plaintiff must send by email, overnight mail, or hand delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to Plaintiff and advise each non-Party Protected Person in writing that all Investigation Materials will be automatically designated as "Highly Confidential" pursuant to Paragraph 28 of this Order.

22. Any Party that seeks discovery related to this Action from any non-Party must include a copy of this Order when serving a discovery request or subpoena on the non-Party. If any Party sent a discovery request or subpoena to any non-Party prior to entry of this Order, that Party must send a copy of this Order to the non-Party within two (2) business days of entry of this Order.

E.      **Modifications of This Order**

23. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within seven (7) calendar days after receiving notice of this Order pursuant to Paragraph 21 or Paragraph 22, file a motion seeking additional protection from the

Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of the Confidential or Highly Confidential Information while the motion is pending.

24. Nothing in this Order limits any Person, including members of the public, a Party, or an interested non-Party, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

## F.      Privacy Act

25. This Order, and any subsequent order of this Court governing the United States' production of any documents, data, communications, transcripts of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b)(11).

## G.      Expedited Production of Certain Investigation Materials

26. Plaintiff will produce Investigation Materials to Defendants on a date mutually agreed by the Parties, but in no event more than fourteen (14) days after entry of this Order, except that Plaintiff need not produce to Defendants any Investigation Materials that were provided by one Party to an opposing Party. The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1).

## II.    PROCEDURES FOR DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

### A.    Designation of Confidential Information or Highly Confidential Information in Investigation Materials

27. All Investigation Materials that were produced by a Defendant to Plaintiff during the Investigation, including, but not limited to, testimony, documents, electronic documents and data, expert materials, written submissions, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311–1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, will automatically be designated as Highly Confidential Information as defined in Paragraph 6 of this Order.  Parties may challenge the designation of automatically designated Investigation Materials under the same procedure provided in Section II.E.

28. Investigation Materials produced by non-Party Protected Persons will automatically be designated as Highly Confidential Information as defined in Paragraph 6 of this Order.  Parties may challenge the designation of automatically designated Investigation Materials under the same procedure provided in Section II.E.

### B.    Designation of Confidential Information or Highly Confidential Information in Litigation Materials

29. The following procedures govern the process for Protected Persons (including Parties) to designate Confidential Information or Highly Confidential Information contained in any Litigation Materials, including, but not limited to, information provided in response to requests under Federal Rules of Civil Procedure 30, 31, 33, 36, or 45, and documents disclosed under Federal Rules of Civil Procedure 33(d), 34(b)(2) and (c), or 45.  By so designating, the Protected Person (and counsel, if

any) represents to the Court that it reasonably believes that the information constitutes Confidential Information as defined in Paragraph 2 of this Order or Highly Confidential Information as defined in Paragraph 6 of this Order.

30. Electronic Documents, Data, and Information.  When a Protected Person (including Parties) produces electronically stored documents, data, or information, the Protected Person must designate any Confidential Information or Highly Confidential Information by (a) stamping or otherwise marking each page or image that contains Confidential Information or Highly Confidential Information with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility; (b) appending to the file name or document production number a suffix indicating whether the electronic document or information contains Confidential Information or Highly Confidential Information; or (c) including the confidentiality designation in reasonably accessible metadata associated with the file.  When documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or for disclosure to any Person described in Paragraph 42, the Party printing the file must affix to the printed version a label containing the production number and the confidentiality designation associated with the document.  For the avoidance of doubt, Defendants need not re-designate Investigation Materials provided by a Defendant to Plaintiff during the Investigation; such material is automatically designated Highly Confidential Information as set forth in Paragraph 27 of this Order.

31. <u>Documents, Data, and Information Produced in Hard Copy or Non-Native Format</u>.
When a Protected Person (including Parties) produces documents, data, or
information in hard copy, image files, or other non-native file formats, the Protected
Person must designate Confidential Information or Highly Confidential
Information by stamping or otherwise marking each page or image that contains
Confidential Information with the designation "CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER" in a manner that will not interfere with legibility.  If the
document is not designated in its entirety as Confidential Information or Highly
Confidential Information, the Protected Person must stamp or label only the pages
that contain Confidential Information or Highly Confidential Information.  For the
avoidance of doubt, Defendants need not re-designate Investigation Materials
provided by a Defendant to Plaintiff during the Investigation; such material is
automatically designated Highly Confidential Information as set forth in
Paragraph 27 of this Order.

32. <u>Testimony</u>.  All transcripts of depositions taken in this Action will be treated as
Highly Confidential Information in their entirety for twenty-one (21) days after the
date when a complete and final copy of the transcript has been made available to
the deponent (or the deponent's counsel).  Within twenty-one (21) days of receiving
a final transcript, a Protected Person may designate any portion of a deposition
transcript or any portion of a deposition exhibit as containing Confidential
Information or Highly Confidential Information by highlighting, stamping, or
otherwise clearly marking the information as Confidential or Highly Confidential

and by providing for future public use a copy of the deposition transcript and exhibits with the Confidential Information or Highly Confidential Information redacted. Any portion of a transcript or portion of a deposition exhibit not designated in the manner required by this Paragraph 32 will not be treated as Confidential Information or Highly Confidential Information, even if the document(s) that became the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality. Absent a good faith basis, a blanket designation that an entire deposition transcript or all exhibits from a deposition are Confidential Information or Highly Confidential Information does not comply with the requirements of this Order. When a Party questions a deponent about a document or information that has been designated by a non-Party Protected Person as containing Confidential Information or Highly Confidential Information, and no representative of that non-Party Protected Person is present during the questioning, the Party asking the questions must send relevant portions of the transcript containing the non-Party Protected Person's Confidential Information or Highly Confidential Information to that non-Party Protected Person (or their counsel) within seven (7) days of receipt of a complete transcript. The non-Party Protected Person shall have twenty-one (21) days from receipt of such notice to serve a Notice of Designation to all Parties designating any portions of the transcript as Confidential Information or Highly Confidential Information.

33. <u>PII</u>. Any PII produced to any Party, whether as Investigation Materials or Litigation Materials, is automatically designated Highly Confidential Information.

10

C.     **Notice of Confidentiality Designations to the Parties**

34. Any designation of Confidential Information or Highly Confidential Information

or other written notice to the Parties required by this Order must be provided by

email, overnight mail, or hand delivery to the following counsel for the Parties:

For Plaintiff the United States:

    Jeffrey Vernon (jeffrey.vernon@usdoj.gov)
    James L. Moore (james.moore4@usdoj.gov)
    John Sullivan (john.sullivan@usdoj.gov)
    U.S. Department of Justice, Antitrust Division
    450 Fifth Street NW, Suite 8000
    Washington, DC 20530

For Defendant Global Business Travel Group, Inc.:

    Steven C. Sunshine
    Julia K. York
    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
    1440 New York Avenue N.W.
    Washington, DC 20005
    Telephone: (202) 371-7860
    Email: steve.sunshine@skadden.com
    Email: julia.york@skadden.com

    Kenneth B. Schwartz
    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
    One Manhattan West
    New York, New York 10001
    Telephone: (212) 735-2731
    Email: ken.schwartz@skadden.com

    Michael L. Weiner
    STEPTOE LLP
    1114 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 506-3957
    Facsimile: (202) 429-3902
    Email: mweiner@steptoe.com

    Lee F. Berger
    STEPTOE LLP
    1330 Connecticut Ave, N.W.
    Washington, DC 20036
    Telephone: (202) 429-1397
    Email: lberger@steptoe.com

For Defendant CWT Holdings, LLC:

    Michael F. Murray
    Ryan Phair
    Paul Hastings LLP
    2050 M St. NW
    Washington, DC 20036
    Telephone: (202) 551-1730
    Email: michaelmurray@paulhastings.com
    Email: ryanphair@paulhastings.com

**D.    Inadvertent Failure to Designate Confidential Information or Highly Confidential Information**

35. A Protected Person that produced Investigation Materials or Litigation Materials prior to receiving a copy of this Order and did not designate such information as Confidential Information or Highly Confidential Information at the time it was produced may subsequently designate such materials as Confidential Information or Highly Confidential Information according to the terms of this Order following receipt of this Order.

36. If at any time prior to the trial of this Action a Protected Person realizes that it inadvertently failed to designate Confidential Information or Highly Confidential Information that it previously produced in Investigation Materials or Litigation Materials, it may so designate such information by following the procedures of this Order. The Parties must thereafter treat the information according to the Protected Person's new designation; provided, however, that no prior disclosure of newly designated Confidential Information or Highly Confidential Information shall violate this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any subsequent confidentiality designation.

**E.    Challenging Confidentiality Designations During the Pretrial Period**

37. This Order does not preclude or prejudice a Protected Person or Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of persuasion that would otherwise apply in a dispute over whether something constitutes Confidential Information or Highly Confidential Information.

38. During the Pretrial Period, any Party that objects to a designation of Investigation Materials or Litigation Materials as Confidential Information or Highly Confidential Information—including a new confidentiality designation made pursuant to Paragraph 36—may provide written notice to the Protected Person who made the designation and to all Parties identifying the challenged designation and stating with particularity the grounds for its objection.  All materials objected to must continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute by agreement between the objecting Party and the Protected Person or by the Court.

39. If the objecting Party and the Protected Person cannot reach agreement within seven (7) days of the Party's written notice of the objection, the Protected Person may file a motion for a protective order with the Court to maintain the confidentiality of the challenged material in accordance with applicable rules.  The Protected Person bears the burden of persuading the Court that the material is Confidential Information as defined in Paragraph 2 of this Order or Highly Confidential Information as defined in Paragraph 6 of this Order.  If the Protected Person fails to timely address the dispute to the Court in accordance with this Paragraph 39, or if the Court finds the designation inapplicable, the information will no longer be

treated as Confidential Information or Highly Confidential Information in this Action.

### III.    USE AND DISCLOSURE OF CERTAIN INFORMATION

#### A.    Limited Use and Disclosure of Certain Information

40. Except as provided by Paragraph 44 of this Order, all Confidential Information and Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose.

41. Any Person that becomes subject to a motion to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

42. Except as provided by Paragraph 44 or pursuant to a court order, Confidential Information and Highly Confidential Information may be disclosed only to the following persons:

(a)    the Court and all persons assisting the Court in this Action, including magistrates, law clerks, court reporters, and stenographic or clerical personnel;

(b)    any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(c)     counsel for Plaintiff, including any attorneys, paralegals, and other professional personnel employed by Plaintiff (including support and IT staff), and any agents or independent contractors retained by Plaintiff whose functions require access to the information;

(d)     Outside Counsel of Record whose functions require access to the information;

(e)     Persons who are the authors, addressees, recipients, or custodians of the Confidential Information or Highly Confidential Information and Persons who previously received or had lawful access to the Confidential Information or Highly Confidential Information, as well as any counsel representing such Persons;

(f)     any Person whom counsel for any Party believes in good faith previously received or had lawful access to the document or information, and any counsel representing that person, unless and until the person indicates that he or she did not receive or have previous access to the document or information;

(g)     any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in this Action, provided they are not an employee of any Defendant and first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

15

(h)     outside vendors or service providers (such as e-discovery vendors, contract attorneys, and printing service providers) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(i)     outside trial consultants (including, but not limited to, graphics consultants and jury consultants) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A; and

(j)     during the course of their depositions or in preparation for their depositions, or in order to review their deposition transcript, to anyone who is either (1) a current employee of the Protected Person that designated the document or information as Confidential Information or Highly Confidential Information; or (2) a former employee of the Protected Person that designated the document or information as Confidential Information or Highly Confidential Information, provided that the former employee was employed by the Protected Person when the document or information was created and the former employee first executes an Agreement Concerning Confidentiality in the form attached as Appendix A. Former employees are permitted to review exhibits used in their depositions if necessary to correct their own deposition transcript but are not permitted to retain exhibits. In-House Litigation Counsel for a Party, however, is permitted to review the deposition transcripts of current or former employees of that Party, except that, for former employees whose depositions also cover their employment

with a non-Party or non-Parties, In-House Litigation Counsel may not review the portions of the deposition transcripts designated Confidential or Highly Confidential related to employment with a non-Party.

43. Each Person identified in Paragraph 42 of this Order to whom Confidential Information or Highly Confidential Information is disclosed may not disclose that Confidential Information or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

44. Nothing in this Order:

    (a)    limits a Protected Person's (including the Parties') use or disclosure of its own Confidential Information or Highly Confidential Information;

    (b)    prevents disclosure of Confidential Information or Highly Confidential Information with the consent of the Protected Person that designated the material;

    (c)    prevents disclosure by a Party of Confidential Information or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) that was lawfully acquired by or known to that Party independent of receipt during the Investigation or this Action; (iii) that was previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order;

    (d)    requires Plaintiff to withdraw or redact the Complaint; or

    (e)    prevents the United States' retention, use, or disclosure of Confidential Information or Highly Confidential Information outside the context of this

Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action.

45. Defendants reserve the right to move to amend this Order to allow disclosure of Confidential Information to certain In-House Litigation Counsel.  Defendants must wait seven (7) business days from entry of any order allowing disclosure of Confidential Information to In-House Litigation Counsel to disclose Confidential Information to allow non-Party Protected Persons an opportunity to object to such disclosure.  Disclosure of Highly Confidential Information to In-House Litigation Counsel is not permitted except to the extent provided in Paragraph 42(j).  Plaintiff reserves the right to object to any motion by Defendants to amend this Order to allow disclosure of Confidential information to certain In-House Litigation Counsel or otherwise to seek or oppose any amendment of this Order.

**B.    Inadvertent Disclosure of Confidential Information or Highly Confidential Information**

46. In the event Confidential Information or Highly Confidential Information is disclosed to a Person not authorized to receive it under this Order, the Party responsible for the disclosure must within two (2) business days of learning of the disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto unless, and in spite of prompt efforts, it takes the Party longer to ascertain contact information for the designating party, (b) use reasonable efforts to prevent disclosure by each unauthorized Person who received such information, (c) use reasonable efforts to retrieve all copies of the protected documents disclosed to unauthorized Persons, (d) inform the Person or Persons to whom unauthorized

18

disclosures were made of the terms of this Order, and (e) request that each such Person execute the certification contained in Exhibit A to this Order. Nothing contained herein limits the right of the designating party to seek relief against the Party responsible for such disclosure.

47. Unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information does not change the confidential status of any disclosed material or waive the Protected Person's right to maintain the disclosed material as Confidential Information or Highly Confidential Information.

**C.    Motions to Seal Pretrial Court Filings**

48. Except as provided in Paragraph 51, if any Investigation Materials or Litigation Materials designated under this Order as Confidential Information or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the filing Party must seek a Court order to file such Confidential Information or Highly Confidential Information under seal, in accordance with applicable local rules and standing orders. If this Court grants leave to file a document under seal, the filing Party must file with the Clerk of this Court a redacted version of the filing. A request for the Court to allow filing under seal must include the proposed redacted filing.

49. Filing another Person's Confidential Information or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

50. In accordance with Paragraph 48, any motion to allow filing under seal must include a proposed redacted filing.  If the Court denies a motion to seal, the filing Party must, within four (4) days of the Court's order meet and confer with any designating party whose documents or information appear in the filing, if applicable.  If the filing Party and the designating parties agree on a course of action, or if the filing Party is the only designating party whose documents or information appear in the filing, then consistent with any agreement with any designating party, if applicable, the filing Party will, within seven (7) days of the Court's order, (a) file a renewed motion to seal that addresses the Court's basis for denying the motion to seal; (b) file a redacted version of the document on the public docket, provided that the redactions are consistent with the Court's order denying the motion to seal; (c) file an unredacted version of the document on the public docket; or (d) strike the document(s) from the record, to the extent consistent with the Court's order.  If the filing Party and any designating party do not agree on a course of action, then the designating parties will, within seven (7) days of the Court's order, file a renewed motion to seal that addresses the Court's basis for denying the motion to seal.  The filing Party may file an opposing brief within four (4) days, and the designating parties may file a reply brief within three (3) days.  If the filing Party complies with these procedures, denial of a motion to seal will not result in modification of the viewing level restriction selected by the filing Party in the motion to seal. Denial of a motion to seal also does not authorize any Party to disclose Confidential Information or Highly Confidential Information contained in the proposed sealed filing except as otherwise provided by this Order.  If the

original motion to seal was opposed by a Party or non-Party, the Court may order the relevant Parties and non-Parties to meet and confer regarding the scope of the proposed sealing or redactions within the same time period set forth above for responding to the Court's order.

## IV.    USE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION AT TRIAL AND IN RELATED FILINGS

### A.    Sealing Confidential Information and Highly Confidential Information at Trial and Notice to Non-Party Protected Persons

51. Trial exhibit lists, deposition designations, disclosure at trial, or in any pre- or post-trial proposed findings of fact and conclusions of law or other post-trial briefing, of documents and information designated as Confidential Information or Highly Confidential Information will be governed pursuant to a separate Court order.  The Parties will meet and confer and submit a recommended order outlining those procedures.

## V.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

52. The disclosure of any Investigation Materials or Litigation Materials subject to attorney-client privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege ("Privileged Material") is not a waiver in this Action or in any other federal or state proceeding, provided that (a) the disclosure was inadvertent; (b) the Person that disclosed the Privileged Material used reasonable efforts to prevent such disclosure; and (c) the Person that disclosed the Privileged Material promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

53. Upon discovery that a privileged document or material has been unintentionally produced, the producing Party must promptly notify the receiving Party in writing

and request the return and/or destruction of such document or material. After receiving written notice from the producing Party that privileged and/or work product material has been unintentionally produced, except as provided in Paragraph 56, all such information and copies thereof, including any notes or summaries of such privileged materials, in the receiving Party's possession must be destroyed or returned to the Producing Party and the Receiving Party may not use such information for any purpose other than to challenge a claim of unintentional production as set forth in Paragraph 55 below. Except as provided in Paragraph 56, the receiving Party must also make all reasonable efforts, in good faith, to retrieve and return and/or destroy all copies of the privileged documents in electronic format that are within the receiving Party's possession, custody or control. Thereafter, the producing Party must provide the information required by Rule 26(b)(5)(A)(ii) within four (4) business days.

54. Should the receiving Party find that a specific document or material produced by the producing Party is privileged or otherwise protected from disclosure, the receiving Party must notify the producing Party in writing and request the producing Party to confirm in writing that the document or material is in fact privileged and should be returned and/or destroyed. Other than in accordance with the procedures set forth in Paragraph 55 with respect to challenging such an allegation of inadvertently produced materials, the receiving Party may make no further use of the privileged documents and/or materials unless the producing Party confirms in writing that the documents or material are not privileged. Thereafter, the producing Party must provide the information required by Rule 26(b)(5)(A)(ii)

22

within four (4) business days.  No Person will be found to have violated this Order for failing to recognize, in good faith, inadvertently produced Privileged Material.

55. When challenging a claim of privilege relating to an unintentionally produced document, the receiving Party must attempt in good faith to promptly meet and confer regarding the producing Party's assertion of unintentional production, and if unsuccessful, promptly seek an order from the Court compelling the production of the material.  Any information presented to the Court for determination of the privilege claim must be presented under seal pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and this Court's Individual Rules and Practices in Civil Cases, Rule H and standing order 19-mc-00583 and ECF Rules & Instructions, section 6.  If no such order is sought within a period of ten (10) days following the meet-and-confer, all copies of the disputed document must be destroyed or returned.  To the extent that (a) the receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged, any discussion of the privileged information in any analyses, memoranda, or notes must be destroyed.

56. Nothing in this Section V requires the receiving Party to delete copies of documents or information that counsel for the receiving Party cannot reasonably access (such as, for example, documents or information contained in backup systems).

## VI.    PROCEDURES UPON TERMINATION OF THIS ACTION

57. The obligations imposed by this Order survive the termination of this Action unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

58. Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must make a good faith effort to return all copies of such Confidential Information or Highly Confidential Information that has not otherwise been made public during this Action to the Protected Person that produced it (or the Protected Person's counsel, if represented by counsel), or to destroy or delete all copies of such Confidential Information or Highly Confidential Information, unless the Confidential Information or Highly Confidential Information may be retained pursuant to Paragraph 44, Paragraph 60, or Paragraph 61. All Confidential Information or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Order.

59. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must certify compliance with Paragraph 58 of this Order in writing to the Party or Protected Person that produced the Confidential Information or Highly Confidential Information.

60. Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced

the Confidential Information or Highly Confidential Information or as otherwise permitted by this Order.

61. Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order and do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information or as otherwise permitted by this Order.

62. Counsel for the Party making a disclosure to a Person identified in Paragraph 42, subparagraphs (g), (h), (i), or (j) of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of this Action.

Dated: January 31, 2025

/s/ Jeffrey G. Vernon

Jeffrey G. Vernon
James L. Moore III
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Telephone: (202) 367-6424
Facsimile: (202) 616-2441
Email: jeffrey.vernon@usdoj.gov
Email: james.moore4@usdoj.gov

*Counsel for the United States*

**Agreed By:**

/s/ Steven C. Sunshine

Steven C. Sunshine
Julia K. York (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, DC 20005
Telephone: (202) 371-7860
Facsimile: (202) 661-0560
Email: steve.sunshine@skadden.com
Email: julia.york@skadden.com

Kenneth B. Schwartz
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-2731
Facsimile: (917) 777-2731
Email: ken.schwartz@skadden.com

Michael L. Weiner
Lee F. Berger (*pro hac vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3957
Facsimile: (202) 429-3902
Email: mweiner@steptoe.com
Email: lberger@steptoe.com

*Counsel for Global Business Travel Group, Inc.*

_/s/ Michael F. Murray_____

Michael F. Murray (*pro hac vice*)
Ryan Phair (*pro hac vice*)
Paul Hastings LLP
2050 M St. NW
Washington, DC 20036
Telephone: (202) 551-1730
Facsimile: (202) 551-0230
Email: michaelmurray@paulhastings.com
Email: ryanphair@paulhastings.com

*Counsel for CWT Holdings, LLC*

**SO ORDERED.**

February 3, 2025
New York, New York

_____

The Honorable Victor Marrero
United States District Judge

27

APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC., and CWT HOLDINGS, LLC,<br><br>     *Defendants.* | Civil Action No.: 1:25-cv-00215-VM |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ in the position of _____. I certify as follows.

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____, 2025   Signed: _____