UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC., and CWT HOLDINGS, LLC,<br><br>*Defendants*. | Civil Action No.: 1:25-cv-00215-VM |

**THE UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

The United States respectfully requests that the Court deny Defendants' motion for reconsideration. In addition to violating the Local Civil Rules and the Court's Individual Practices, Defendants cite no facts unavailable at the time of their initial motion or changes in the intervening law that would justify revisiting the Court's prior decision. Nor do they explain how their request satisfies the "manifest injustice" standard, other than conclusory, unexplained citations to advocacy submitted to a foreign competition agency. The United States stands ready to proceed with discovery and to prepare this case for trial in September, as ordered by the Court.

The current September 8 trial date will allow for the orderly presentation of this case and will afford Defendants an expedited trial that concludes prior to Defendants' self-imposed "outside date" of September 24, the date by which Defendants have already agreed that either may extend the merger agreement due to ongoing regulatory review. Contrary to Defendants' assertions, the current trial date is well within the norms for recent government merger trials. By

contrast, Defendants' proposed May 27 trial date would prejudice the United States' (and the public's) right to adequate discovery and impose substantial practical challenges on not only the United States, but also third parties and the Court.

The United States also respectfully submits that Defendants' "evidence" is both procedurally improper and substantively incomplete. Defendants seek to rely upon a one-sided account of a disputed issue of fact concerning ▮▮▮▮▮▮▮▮▮▮—to support their position on scheduling. Yet Defendants have refused to provide the United States and failed to provide the Court the documents cited by this exhibit so that its claims can be evaluated against other evidence. Most importantly, their claims of ▮▮▮ exigencies are contrary to evidence submitted to the United States during its investigation and do not justify an even more expedited trial date than has already been ordered—much less one that would create the procedural challenges of the proposed May 27 trial date.

The United States respectfully requests that the Court deny Defendants' motion and allow the parties to conclude negotiations concerning outstanding case management disputes, submit a proposed case management order to the Court, and proceed to trial on September 8, 2025.

**LEGAL STANDARD**

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration under Local Civil Rule 6.3 "is not intended as a vehicle for a party

dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (Marrero, J.).

## ARGUMENT

The United States requests that the Court deny Defendants' motion as procedurally defective, insufficient under the reconsideration standard, and unmerited on the facts.

### I.  Defendants Have Not Complied with the Local Civil Rules and the Court's Individual Practices

Defendants' motion is procedurally defective for at least three reasons.  First, the Local Civil Rules state that on motions for reconsideration, "[n]o party is to file an affidavit unless directed by the court."  Local Civil Rule 6.3.  That rule is consistent with the general principle that motions for reconsideration are not an opportunity to introduce additional evidence that was available at the time of the original motion.  Yet Defendant CWT Holdings, LLC ("CWT") has filed a declaration with an attachment that is effectively a legal brief, provided to the Court and the United States for the first time on this motion for reconsideration.  The United States respectfully requests that this declaration and the attached exhibit be stricken.  In the alternative, the United States has filed a motion seeking leave to file the Declaration of Jeffrey Vernon and supporting materials in response to the arguments provided in Defendants' submission.

Second, the Court's Individual Practices require that parties file a letter motion for a pre-motion conference before filing a formal motion.  Individual Practices II.A.  Defendants have not done so and instead bypassed the entire process for resolving such disputes through pre-motion conferences—unilaterally electing to follow the procedures for formal motion briefing rather than letter briefing that afford an opportunity to resolve disputes without burdening the Court.

Lastly, the Court's Individual Practices require that Defendants confer in good faith with the United States before filing their motion. *See* Individual Practices II.A (permitting letter motion practice to resolve pretrial disputes "after good faith communication"). Following the Court's January 24 order, Defendants did not notify the United States that they intended to seek reconsideration of the order for nearly a week. In a 9:30 pm email sent on January 29, Defendants told counsel for the United States for the first time that they intended to file a motion for reconsideration and said they "assume[d] that [the United States] will oppose such a motion." Vernon Decl., Ex. A at 3. About two hours later, at 11:30 pm, they filed the instant motion. This does not constitute "good faith communication," as the United States was not afforded an opportunity to respond. Given that nearly a week had passed from the Court's order setting the trial date and that no other deadline was pending, Defendants had every opportunity to meet and confer in good faith concerning their motion.

## II.     Defendants' Motion Does Not Meet the Demanding Standard for Reconsideration

Defendants do not explain how their motion meets the standard to justify reconsideration either through an "intervening change of controlling law" or "the availability of new evidence." *See Virgin Atl.*, 956 F.2d at 1255. Nor could they: the "new" information that they have submitted with their motion was sent to the United Kingdom's Competition and Markets Authority ("CMA") the very same day they filed their original letter motion, on January 23. Defendants offer no explanation for why such information was not provided at that time. Instead, they argue in conclusory fashion that reconsideration would avoid "manifest injustice," citing to Exhibit A of the Murray Declaration (the "Murray Exhibit").

But as another court in this district has explained, "[m]anifest injustice 'is defined as an error committed by the trial court that is direct, obvious, and observable.'" *Hines v. BMG Rts.*

4

*Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 205 (S.D.N.Y. 2024) (alteration in original). The Court, relying on the facts the movants placed before it, committed no such error. Defendants provide no justification for revisiting the Court's ruling other than to point, after the fact, to their advocacy in a separate proceeding that could have been provided to this Court with their original letter motion but was not. That is not enough.

### III.  Defendants' Requested Trial Date Is Not Justified

Setting aside the procedural and legal insufficiencies of Defendants' arguments, the facts do not support their underlying argument for a May 27 trial date, as set forth below.

#### A.  Defendants' Actions Belie Their Claims of Urgency

Defendants' own actions contradict their claims of urgency. First, their merger agreement's "outside date" is September 24, 2025, several weeks after the Court's trial date. *See* Agreement and Plan of Merger § 7.1(b) (Mar. 24, 2024).[1] "Outside date" provisions are heavily negotiated and allow either party to unilaterally extend the merger agreement up to a certain date (a date they can extend with the stroke of a pen). Here, it amounts to an acknowledgement that Defendants knew a merger challenge might not reach resolution before September 24, and the September 8 trial date allows them to receive a decision near that date.

Second, Global Business Travel Group, Inc. ("Amex GBT") claimed in its January 14 answer that there was no need to "rush this action" because Defendants had notified the United States that they would not close before March 2025, Answer of Defendant Global Business Travel Group, Inc. at 8, ECF No. 9—suggesting Defendants would have preferred the United States *wait* to file suit, potentially for months. Yet now—in direct contradiction to Amex GBT's

---

[1] *Available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-0001820872/99ce1e29-b06a-4596-bbdb-02edd1eec709.pdf.

5

answer—Defendants demand a trial date that would have been entirely infeasible (or even more infeasible than it is now) if the United States had waited to sue until March.

Third, Defendants have announced without explanation their intention to delay filing their answers until March 11, contrary to their previous representations. *See* Vernon Decl., Ex. B at 1 (stating intention to file answer and amended answer by January 24). Under Defendants' plan, the United States would have to proceed with discovery for over a month before Defendants fully answer the complaint. This new March 11 answer date belies Defendants' claims of extraordinary urgency and, combined with the proposed May 27 trial date, suggests a tactical delay that would further prejudice the United States' ability to prepare in such an expedited proceeding.

**B.     Defendants' Proposed May 27 Trial Date Would Prejudice the United States**

Defendants' proposed interim CMO deadlines reveal that their May 27 trial date is unreasonable and impracticable. To provide a few examples, Defendants' proposed schedule would result in (1) the parties exchanging exhibits and deposition designations, providing objections and counter designations, and conferring concerning objections all in the span of seven days—with the first meet and confer on the same day the joint pretrial order is due to the Court; (2) only five days between learning the identity of any new witnesses (including third parties) on a final trial witness list and completing document discovery and depositions; and (3) the filing of *Daubert* motions one day after expert reply reports are due and before expert depositions are complete. Vernon Decl., Ex. C at 23, 26–27. All of this would occur against the backdrop of no filed answer from CWT and no amended answer from Amex GBT until March 11. Defendants' proposal is inconsistent with the normal, orderly process to trial under the Federal and Local Rules and the Court's Individual Rules, will not allow for adequate time for

the parties to prepare this case, will unnecessarily burden third parties and the Court, and will prejudice the United States.

        **C.**        **The Evidence Undermines Defendants' Claims of ▓▓▓▓▓ Exigencies**

Defendants' motion baldly attempts to transform this procedural dispute into a premature factual hearing on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Those disputed factual issues should be decided after a meaningful chance for discovery and following a trial on the merits. To the extent the Court is inclined to consider those arguments, however, Defendants' advocacy is inconsistent with the underlying evidence.

At its core, the Murray Exhibit is legal advocacy seeking to obtain regulatory clearance of the proposed acquisition from a foreign competition authority. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Throughout the meet-and-confer process, the United States has requested that Defendants provide the underlying *factual evidence* supporting their claimed need to expedite trial. Indeed, the morning following the filing of the instant motion, the United States requested the documents supporting the Murray Exhibit. Defendants' counsel declined, stating that "this is now a litigation and Defendants have no obligation to produce documents to you sua sponte." Vernon Decl., Ex. A at 1. The United States is therefore left to speculate what evidence supports the Murray Exhibit's advocacy. The evidence that *is* available to the United States, however, does not support Defendants' claims.[2]

For example, CWT represents in its brief to the CMA and now to the Court that ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[2] As noted above, the United States requests that the Court strike the Murray Exhibit as violating the Local Rules, in which case the Court need not consider this section of this brief responding to the factual assertions in the Murray Exhibit. In the alternative, should the Court consider the Murray Exhibit, the United States has filed a motion seeking leave to file the Vernon Declaration and the accompanying exhibits, which the United States requests the Court consider.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

CWT also points to ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

CWT further claims that ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

██████████ .

 CWT also asserts that ████████████████████

███████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

█████████████████████████

 CWT also now claims that ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

█████████████████████████████████



. Ultimately, CWT's attempt to introduce this argument highlights the problematic nature of this motion: it seeks resolution of disputed, complex issues ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. These complex facts are best considered by the Court using concrete evidence at trial, not in competing attachments to pre-discovery motions, as Defendants would have it.

### D. The Court's September 8 Trial Date Is Consistent with Precedent

The September 8 trial date will provide a clear, orderly schedule by which the parties, the Court, and third parties can proceed, with time to address these complex issues. Defendants argue that the September 8 trial date (241 days from complaint to trial) is meaningfully longer than other merger cases, citing a chart of time between the complaint and trial date of various government enforcement actions. But five of the nine examples Defendants cite, including the four shortest schedules (78 to 139 days), were for preliminary-injunction hearings, not merits trials finally resolving the Government's request for a permanent injunction.[3] For the avoidance

---

[3] The five are *United States v. Booz Allen Hamilton, Inc.*, No. 1:22-cv-1603 (D. Md.) (78 days); *Fed. Trade Comm'n v. Novant Health, Inc.*, 5:24-cv-28 (W.D.N.C.) (98 days); *Fed. Trade Comm'n v. Tempur Sealy Int'l, Inc.*, 5:24-cv-2508 (S.D. Tex.) (133 days); *Fed. Trade Comm'n v. Tapestry, Inc.*, 1:24-cv-3109 (S.D.N.Y.) (139 days); and *Fed. Trade Comm'n v. Kroger Co.*, 3:24-cv-347 (D. Or.) (182 days).

of doubt, the complaint here seeks a merits trial on the United States' claims, not merely a preliminary injunction, so the preliminary-injunction schedules are inapposite.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████ In addition, Defendants exclude from their chart *United States v. Bertelsmann SE & Co. KGaA*, No. 1:21-cv-2886 (D.D.C.), in which 272 days passed between the complaint and trial—more than what the September 8 trial date would provide here.  In other words, the Court's September 8 trial date is well within the norm for recent merger trials.  By contrast, the 137-day schedule Defendants propose is shorter than all of the examples they cite involving merits trials (as opposed to preliminary-injunction hearings).

## CONCLUSION

The United States respectfully requests that the Court deny Defendants' motion for reconsideration, in order to ensure that the United States has a meaningful opportunity to develop its claims, to protect the rights of third parties, and to secure an orderly trial for the Court.  In the alternative, if the Court is inclined to reconsider its prior ruling, the United States respectfully requests a hearing on this motion and on the trial date.

Dated: February 4, 2025

/s/ Jeffrey Vernon
JEFFREY VERNON
JAMES L. MOORE III
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Phone: (202) 367-6424
E-mail: jeffrey.vernon@usdoj.gov

*Attorneys for Plaintiff United States of America*

## CERTIFICATION

Pursuant to Local Civil Rules 6.3 and 7.1(c), this Opposition complies with the word-count limitations and is 3,327 words.