February 4, 2025

**VIA ECF**
The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Courtroom 15B
New York, NY 10007

      Re:    *United States v. Global Business Travel Group, Inc., et al.*, 1:25-cv-00215-VM

Dear Judge Marrero:

      The United States respectfully requests that the Court deny Defendant CWT Holdings, LLC's ("CWT") motion to seal Exhibit A to the Declaration of Michael F. Murray. As the Court is well aware, there is a strong presumption of public access to information material to court rulings, and CWT has not justified why Exhibit A must be concealed from the public. The information that CWT seeks to seal is not ancillary to this case. To the contrary, it is ███████████████████████████. Indeed, CWT argues that this information ███████████ is crucial for the Court to decide Defendants' motion for reconsideration, the outcome of which could materially affect the United States' ability to prosecute its claims. CWT has also made no effort to tailor its confidentiality claims, instead proposing a blanket seal of Exhibit A. Accordingly, the United States respectfully requests that the Court deny CWT's motion to seal Exhibit A and either strike it from the record, as CWT has requested, Letter Mot. at 1, or in the alternative, order CWT to file a public version of Exhibit A with narrowly tailored redactions.

## ARGUMENT

      Public access to court proceedings and documents has long been recognized as "integral" to the judicial process. *United States v. Erie Cnty.*, 763 F.3d 235, 238–239 (2d Cir. 2014). Courts thus recognize a common law[1] presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Second Circuit employs a three-step process to evaluate a request for exception from the presumptive right of public access. *Id.* at 119–20. The court must first determine whether a document subject to a sealing request is a "judicial document"; if it is, the court must determine the weight of the presumption; finally, the court must balance that presumption against any competing considerations. *Id.* The party seeking a seal bears the burden of demonstrating its propriety. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Since CWT concedes that Exhibit A is a judicial document, Letter Mot. at 2, the Second Circuit requires "specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted).

---

[1] The First Amendment also confers an even greater protection of the public right to access judicial documents. *See Erie Cnty.*, 763 F.3d at 239. Under both the common law and First Amendment approach, a court must make "specific, rigorous findings" before sealing a judicial document. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016). CWT has failed to offer any basis for the Court to make such findings.

### A. CWT Mischaracterizes the Strength of the Common Law Presumption of Public Access to Judicial Documents

CWT downplays the weight of the common law presumption of public access to Exhibit A by diminishing its materiality to the Court's exercise of its judicial powers and duties. *See Lugosch*, 435 F.3d at 119 (articulating test for evaluating the weight of common law presumption of access). The strength of the presumption is a "continuum": the more material the information is to the Court's determinations, the stronger the presumption. *Id.* While CWT claims that the presumption's weight is "diminutive" as it relates to Exhibit A, Letter Mot. at 3, the Defendants insist that failure to consider the points raised in Exhibit A "will result in '[m]anifest injustice,'" Defs.' Mem. in Supp. of Mot. for Recons. at 4, ECF No. 28. Both cannot be true, and the Defendants should not be permitted to use secret grounds to demand a trial schedule that could materially affect the United States' ability to vindicate the public's interest in preventing an anticompetitive merger. Accordingly, the weight of the presumption of public access is in fact substantial. *See Lugosch*, 435 F.3d at 123 ("[O]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations.");

[REDACTED]

### B. CWT Fails to Sufficiently Justify Competing Interests Requiring Sealing Exhibit A in Its Entirety

CWT's motion asserts in only non-specific terms that Exhibit A contains "sensitive financial information" and "forward-looking business information" that could result in competitive harm. Letter Mot. at 3. But "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test for sealing." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *9 (S.D.N.Y. Jan. 17, 2023) (internal quotation marks omitted); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (denying seal because "[w]ith respect to proof of competitive harm, vague and conclusory allegations will not suffice"). Even in the cases CWT's motion relies upon, courts often deny requests to seal private financial or commercial information when the movant offers only conclusory assertions that the information is commercially sensitive. *See Keurig*, 2023 WL 196134, at *7, *9 (denying seals for sensitive and proprietary data where movant failed to "explain why this information is sensitive or how harm will result"); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 248 (S.D.N.Y. 2009) (denying seals for financial and client information supported by only "vague and conclusory showings" of potential harm from disclosure); *see also Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-7417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (denying seals for price negotiations). There is also no reason to seal Exhibit A merely because it is a submission to a regulatory body, [REDACTED] or merely because its disclosure might produce "[n]egative publicity," *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15-cv-211 (LGS), 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

CWT has told the United States that it "considers use of [REDACTED] highly confidential" and that "[a]ll references to [REDACTED] should accordingly be filed under seal." *See* Vernon Decl., Ex. K.



Moreover, to the extent any specific information in Exhibit A is sensitive, CWT should redact only those statements. "In any case in which some sealing of a judicial document is appropriate, . . . the Court should determine whether partial redaction of the private material is 'a viable remedy,' or whether the document presents 'an all or nothing matter.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-cv-6867 (VEC), 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) (citations omitted). Exhibit A is not "an all or nothing matter." For any statements that may carry some particularized sensitivity, the United States is willing to meet and confer with CWT to discuss a narrower set of redactions.

## CONCLUSION

CWT's motion to seal Exhibit A should be denied because it fails to overcome the presumption favoring public access. CWT has requested that Exhibit A be struck from the record if it cannot be filed under seal; therefore, the United States respectfully requests that the Court strike it from the record and not rely on it in deciding Defendants' motion for reconsideration. Alternatively, the United States respectfully requests that CWT be ordered to publicly file a version with narrowly tailored redactions.

Respectfully submitted,

*/s/ Jeffrey Vernon*
Jeffrey G. Vernon
*Lead Trial Counsel*
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Telephone: (202) 367-6424
Facsimile: (202) 616-2441
Email: jeffrey.vernon@usdoj.gov

*Counsel for Plaintiff United States of America*