**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2025
```

UNITED STATES OF AMERICA,

                Plaintiff,

    - against -

GLOBAL BUSINESS TRAVEL GROUP, INC. and CWT HOLDINGS, LLC,

                Defendants.

**25 Civ. 215 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiff the United States of America (the "Government") seeks to permanently enjoin the proposed merger of defendants Global Business Travel Group, Inc. ("Amex GBT") and CWT Holdings, LLC ("CWT," and together with Amex GBT, "Defendants") pursuant to Section 7 of the Clayton Act. (See Dkt. No. 1.) Before the Court are two motions by Defendants and one motion by the Government: (1) Defendants' motion for reconsideration of the Court's Order dated January 24, 2025, ("January 2025 Order," Dkt. No. 19), which denied Defendants' request for an expedited case management conference and set a trial date of September 8, 2025, (2) Defendants' motion to seal Exhibit A to the Declaration of Michael F. Murray ("Exhibit A"), which was filed in support of Defendants' motion for reconsideration, and (3) the Government's motion to seal the Government's oppositions to Defendants' motion for reconsideration and motion to seal, as well as Exhibits

1

A through J to the Declaration of Jeffrey Vernon (the "Vernon Declaration"), which were filed in support of both oppositions. For the reasons discussed below, Defendants' motion for reconsideration is DENIED, Defendants' motion to seal is GRANTED IN PART and DENIED IN PART, and the Government's motion to seal is GRANTED IN PART and DENIED IN PART.

## I.   MOTION FOR RECONSIDERATION

### A.   LEGAL STANDARD

Local Rule 6.3, which governs motions for reconsideration, "is intended to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." SEC v. Ashbury Cap. Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (citation omitted). When assessing a motion for reconsideration, a district court must "narrowly construe and apply" Local Rule 6.3 to "avoid duplicative rulings on previously considered issues." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Whether to grant or deny a motion for reconsideration is "within the sound discretion of the district court." United States v. Ng Lap Seng, No. 15 Cr. 706, 2021 WL 961749, at *3 (S.D.N.Y. Mar. 15, 2021) (citation omitted).

Reconsideration of a prior order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Just. v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). However, a party seeking reconsideration cannot repeat "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." Nath, 893 F. Supp. 2d at 605 (citation omitted). The standard of review for a motion for reconsideration is "strict," and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

B.   RECONSIDERATION IS NOT WARRANTED

Defendants insist that the September 8, 2025, trial date will cause manifest injustice and urge the Court to set an

3

earlier trial date of May 27, 2025. Defendants make two arguments in support of this position: (1) Exhibit A supports the need for a speedy resolution of this case, and (2) the current case timeline is substantially longer than many recent merger cases. Upon a careful review of the parties' submissions and the Court's January 2025 Order, the Court finds that Defendants fail to point to law or facts that the Court did not take into account in the January 2025 Order that may materially alter the Court's decision.

First, Defendants submitted Exhibit A only in support of their motion for reconsideration, not their original motion for an expedited case management conference and trial. Defendants cannot "advance new facts" in a motion for reconsideration that were "not previously presented to the Court." Nath, 893 F. Supp. 2d at 605 (citation omitted). Nor can Defendants justify reconsideration based on "the availability of new evidence" because Exhibit A was available when Defendants submitted their original motion. Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Ultimately, "[a] motion for reconsideration is not a party's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." India Globalization Cap., Inc. v. Apogee Fin. Invs., Inc., No. 21 Civ. 1131, 2023 WL 5003347, at *1 (S.D.N.Y. Aug. 4, 2023)

4

(citation omitted). Accordingly, the Court will not reconsider the January 2025 Order on the basis of Exhibit A.

Second, Defendants' argument that the case timeline is too long because trial will begin 241 days after the Government filed this action is unpersuasive. "In the context of a motion for reconsideration, manifest injustice is defined as an error [committed by] the trial court that is direct, obvious, and observable." Idowu v. Middleton, No. 12 Civ. 1238, 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (citation omitted). Reconsideration is generally not warranted "unless the prior decision is 'dead wrong.'" OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd., No. 06 Civ. 9441, 2007 WL 2900225, at *1 n.1 (S.D.N.Y. Oct. 4, 2007) (citation omitted); Corsair Special Situations Fund, L.P. v. Nat'l Res., 595 F. App'x 40, 44 (2d Cir. 2014) (noting that the manifest injustice standard "provide[s] relief only in the proverbial rare case" (citation omitted)).

Defendants urge the Court to reset the trial date for May 27, 2025 - 137 days after the complaint was filed. However, Defendants' cited authorities do not support that the 241-day complaint-to-trial timeline here constitutes a manifest injustice. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Most of the shorter timelines cited by Defendants were between the filing of the complaint and a preliminary

5

injunction hearing, not trial. (See Dkt. No. 28 at 5.) "Given the hasty nature of the proceedings on a motion for a preliminary injunction, a party is not required or expected to present its case in full" at the preliminary injunction stage. Endo Pharms., Inc. v. Roxane Lab'ys, Inc., No. 13 Civ. 03288, 2014 WL 6390297, at *2 (S.D.N.Y. Nov. 14, 2014). Thus, it is unsurprising that preliminary injunction hearings are scheduled within a shorter timeframe compared to trials.

Moreover, the cases cited for complaint-to-trial timelines do not suggest any "direct, obvious, and observable" error that justifies reconsideration of the January 2025 Order. See Idowu, 2013 WL 371657, at *1 n.1. For example, Defendants do not explain how the cited complaint-to-trial timelines of 221 to 238 days are meaningfully different than the case timeline here. (See Dkt. No. 28 at 5.) Rather, these cases weaken Defendants' position that the 241-day timeline is an obvious error. Further, that shorter timelines were adopted in a handful of cases does not meet Defendants' high burden for reconsideration. (See id.) "The fact that this Court analyzed the existing, relevant authority differently than another judge did and reached a contrary result, or that [the moving party] disagrees with this Court's reasoning, is not grounds for reconsideration." Williams v. MTA Bus Co., No. 17 Civ. 7687, 2020 WL 4904058,

at *2 (S.D.N.Y. Aug. 20, 2020). Thus, for the reasons discussed above, the Court denies Defendants' motion for reconsideration.

## II. MOTIONS TO SEAL

### A. LEGAL STANDARD

Motions to seal must be "carefully and skeptically review[ed]" in order to "insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). There is a long-established "general presumption in favor of public access to judicial documents." Collado v. City of New York, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). Thus, if the documents at issue are judicial documents, a common law right of public access attaches, which may be overcome only upon a showing of good cause. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

The Second Circuit has outlined a three-step process to determine whether the presumption of public access applies to a particular document and bars public disclosure. United States v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014). Initially, the court must determine whether the document is a judicial document. Id. If so, the court must then determine the weight of the public access presumption. Id. The strength

of the presumption varies based on the contents of the document: "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Locus Techs. v. Honeywell Int'l Inc., No. 19 Civ. 11532, 2024 WL 5103334, at *1 (S.D.N.Y. Dec. 13, 2024) (citation omitted). Finally, the court must balance competing considerations against disclosure. See Erie Cnty., N.Y., 763 F.3d at 239.

### B.   DEFENDANTS' MOTION TO SEAL

Defendants seek permission to seal Exhibit A, which is a submission by Defendant CWT to the United Kingdom's Competition and Markets Authority ("CMA") regarding its proposed acquisition by Amex GBT.[1] (See Dkt. No. 30.) Defendants request that Exhibit A be sealed in its entirety, or, if the motion to seal is denied, that Exhibit A be struck from the record. (See id. at 1.) The Government opposes Defendants' motion to seal Exhibit A. (See Dkt. No. 44.) For the reasons explained below, Defendants are directed to file

---

[1] Although the Court will not consider Exhibit A in relation to Defendants' motion for reconsideration for the reasons discussed above, the Court will consider Defendants' motion to seal Exhibit A because once submissions "come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations." Lugosch, 435 F.3d at 123 (citation omitted).

8

Exhibit A on the public docket with narrowly tailored redactions.

Here, Defendants concede that Exhibit A is a judicial document. (See Dkt. No. 30 at 2.) Turning to the second consideration, Defendants argue that the strength of the public access presumption is diminutive because Exhibit A has minimal value to the merits of this case and is only relevant to the motion for reconsideration. (Dkt. No. 30 at 2-3.) However, many of CWT's representations to the CMA in Exhibit A mirror defenses Defendants intend to invoke in this litigation. (See Dkt. No. 28 at 2.) Accordingly, the presumption of public access for Exhibit A is afforded substantial weight. See In re N.Y.C. Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).

Turning to the final consideration, Defendants have not pointed to competing interests that outweigh the presumption of public access. Defendants argue that Exhibit A contains "closely guarded material" and public disclosure of this material "would cause significant and irreparable harm to CWT if not sealed." (Dkt. No. 30 at 3.) Defendants' position is too broad. "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated

9

by specific examples or articulated reasoning fail to satisfy the test." In re Parmalat Secs. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (collecting cases). See also Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc., 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) ("With respect to proof of competitive harm, vague and conclusory allegations will not suffice. Movant must prove that disclosure would work a clearly defined and very serious injury." (citations omitted)). While the Court is mindful that Exhibit A may contain sensitive business materials, Defendants have not sufficiently justified why a blanket seal of this document is appropriate.

For the reasons discussed above, Defendants' motion to seal Exhibit A in its entirety is denied. Defendants are directed to file Exhibit A with narrowly tailored redactions on the public docket in compliance with this Order and the Stipulated Protective Order. (See Stipulated Protective Order, Dkt. No. 38.)

    C.    THE GOVERNMENT'S MOTION TO SEAL

Adhering to a request by CWT's counsel, the Government seeks to file its oppositions and supporting documents under seal. (See Dkt. No. 41.) The Government has already submitted redacted versions of these documents. However, the Government opposes filing any of these documents under seal and asks the

Court to deny the Government's motion to seal or, in the alternative, asks the Court to order narrower redactions to satisfy the standards for sealing documents from public access. (See id.) In light of the Court's directive to Defendants to file Exhibit A on the public docket with narrowly tailored redactions, the Court also finds that the Government's proposed redactions should be more narrowly tailored. The Government is directed to file its oppositions and supporting documents with revised redactions on the public docket in compliance with this Order and the Stipulated Protective Order. (See Stipulated Protective Order, Dkt. No. 38.)


**SO ORDERED.**

Dated:   13 February 2025
         New York, New York

Victor Marrero
U.S.D.J.