UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
                    Plaintiff,         :          **25 Civ. 215 (VM) (GS)**
                                       :
          - against -                  :          <u>**ORDER**</u>
                                       :
GLOBAL BUSINESS TRAVEL GROUP,          :
INC. and CWT HOLDINGS, LLC,            :                                    :
                                       :
                    Defendants.        :
---------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On February 21, 2025, the Honorable Victor Marrero referred to the undersigned two issues related to the parties' proposed Civil Case Management Plan and Scheduling Order ("CMP"): (1) a dispute over the allocation of time at depositions for certain non-party witnesses; and (2) a joint request for more pages for the parties' pretrial memoranda.  (Dkt. No. 52 (CMP); Dkt. No 57 (referral order)).  After due consideration, the Court resolves these issues as set forth below.

## BACKGROUND

This action, filed on January 10, 2025 by the Antitrust Division of the U.S. Department of Justice (the "Government"), seeks to enjoin Defendant Global Business Travel Group, Inc.'s ("Amex GBT") proposed $570 million acquisition of Defendant CWT Holdings, LLC ("CWT").  (Dkt. No. 1).  The Government alleges that Amex GBT is the largest provider of business travel management services in the world and CWT is the third-largest, and that their combination would substantially lessen competition in violation of Section 7 of the Clayton Act, 15

1

U.S.C. § 18.  (*Id.* at 2-3 & ¶¶ 1, 4, 81).  Defendants have agreed to refrain from consummating the transaction pending the outcome of this case.  (CMP ¶ 5).

Because of the exigencies created by the impending acquisition, this case is on a fast track.  Trial is scheduled to begin on September 8, 2025.  (Dkt. No. 19 at 4).  Under the proposed CMP, all fact discovery is to be completed by June 3, 2025, except that the parties have until June 30, 2025 to complete depositions of witnesses not included on either party's preliminary list of trial witnesses, but included on a party's final witness list.  (CMP ¶ 7).[1]  The parties may also agree in writing to take specific depositions after the June 3, 2025 deadline.  (*Id.*).  Due to the compressed schedule, the parties have agreed to forgo initial disclosures under Fed. R. Civ. P. 26(a)(1) and to not file motions to dismiss or for summary judgment.  (*Id.* ¶¶ 4, 6).

Before filing this lawsuit, the Antitrust Division conducted an investigation of the proposed acquisition after it was announced in March 2024.  (Dkt. No. 17 at 2; Dkt. No. 35-1 at 3; *see* Dkt. No. 1 ¶ 6).  During the course of the investigation, the Antitrust Division received information from 175 third parties.  (Dkt. No. 17 at 2).  Some information apparently was provided through witness interviews and/or depositions taken pursuant to Civil Investigative Demands ("CIDs").  (*See* Dkt. No. 52 at 2 (acknowledging that the Government "may have interviewed third parties during its investigation"); CMP ¶ 7.F (providing that depositions taken pursuant to CIDs would not be counted against CMP's deposition caps)).

---

[1] Preliminary witness lists are to be exchanged by March 31, 2025 and final witness lists are to be exchanged by June 4, 2025.  (CMP Attachment A).

**DISCUSSION**

**A. Allocation of Deposition Time**

The parties' dispute centers on how the 7 hours allotted for depositions under Fed. R. Civ. P. 30(d)(1) should be divided between the Government and Defendants in the case of nonparty witnesses noticed for deposition by both sides. "The Federal Rules 'give district courts broad discretion to manage the manner in which discovery proceeds,' including the manner in which examination time is allocated among competing parties at a time-limited deposition." *Oasis Med., Inc. v. I-MED Pharma USA Inc.*, No. 23 Misc. 206 (ALC) (BCM), 2023 WL 6301728, at *14 (S.D.N.Y. Sept. 1, 2023) (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)).

As an initial matter, the parties agree that nonparty depositions should be limited to 7 hours, the normal time limit under Rule 30(d)(1). (CMP ¶ 7.H.) For nonparty depositions that are not cross-noticed, the parties agree that the side that noticed the deposition should have 5 hours of deposition time, with the other side receiving only 2 hours. (*Id*.). In the case of a cross-noticed deposition, the parties further agree that, if the witness does not appear on either side's trial witness list (or, though this is not explicitly stated, if the witness appears on both sides' trial witness lists), the 7 hours should be split evenly between the two sides. (*See id*.).

However, Defendants seek an exception to this general rule for cross-noticed nonparty witnesses who appear on one side's trial witness list, but not the other side's. In that scenario, Defendants contend, the side that put the witness on its

witness list should be limited to 2 hours, while the opposing side should have 5 hours. (*Id.* (setting forth each side's position); Dkt. No. 53). The Government contends there should be no exception and that the time should be split equally in this instance as well, *i.e.*, 3.5 hours per side. (CMP ¶ 7.H; Dkt. No. 52).

The Government argues that allocating "equal time" to both sides is consistent with "principles of fairness" and also reflects the fact that third-party witnesses are under neither party's control, thus giving both sides an "equal opportunity" to develop the witness's testimony. (Dkt. No. 52 at 1-2). The Court regards this analysis as overly simplistic, as it fails to account for the practical reality that parties to a litigation can have different levels of access to and cooperation from nonparty witnesses. Here, for example, as Defendants note, the Government has likely already obtained a significant amount of information from its eight-month merger investigation to aid in the preparation of its case, including information received from nonparties. (Dkt. No. 53 at 1).

Unlike private parties, the Government possesses the power to compel testimony from witnesses during its investigation pursuant to a CID. *See* 15 U.S.C. § 1312. This power enables the Government not only to take sworn testimony, but also to induce witnesses to submit to an interview in lieu of a deposition. As a result, the Government has a far greater ability to obtain a preview of nonparty witnesses' expected trial testimony during the pre-complaint, investigative phase of an antitrust enforcement action. Where the Government already has such a head start, giving the Government an "equal opportunity" to develop the witness's

testimony at a deposition in the litigation itself is not consistent with principles of fairness.  Just the opposite:  If the Government has already extensively interviewed or examined a witness, fairness suggests the defendant should be given a greater opportunity to depose the witness in order to level the playing field.

The Government's insistence on "equal time" is also inconsistent with case law.  Courts recognize that giving one party more time to depose a nonparty witness may be justified where the other party enjoys or has enjoyed greater access to the witness.  *See, e.g.*, *Oasis Med.*, 2023 WL 6301728, at *13-14 (analyzing parties' respective "advantages" with respect to prior and ongoing cooperation with nonparty witness before ultimately concluding that previously agreed-upon equal time arrangement was warranted); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345 (AJN) (KHP), 2018 WL 11270086, at *2 (S.D.N.Y. July 13, 2018) (holding that defendants could apply for additional time to depose nonparty witness because "[he] is Plaintiffs' witness" and "Plaintiffs have an advantage in terms of getting information from [him]"); *Univ. of Tenn. Res. Found v. Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-DCP, 2023 WL 27872, at *2 (E.D. Tenn. Jan. 3, 2023) (rejecting plaintiff's proposal to split time evenly because witness "appears to be cooperating with Plaintiff" and directing 5-hour/2-hour split in favor of defendants); Order, *In re Scientific-Atlanta, Inc. Sec. Litig.*, No. 01-CV-1950 (N.D. Ga. Feb. 19, 2008), Dkt. No. 280 (rejecting defendant-corporation's proposal that deposition time be split equally for nonparty witnesses who were its customers and auditors, and instead

ordering 5-hour/2-hour split in favor of class action plaintiffs; *see* Dkt. Nos. 278 &
279).[2]

Accordingly, the Court rejects the Government's position that deposition time
for all nonparty witnesses should be divided equally, regardless of the Government's
prior access to the witness.  If a nonparty witness appears on the Government's
preliminary or final witness lists but not Defendants' lists, that is a good indication
the Government is aware of the witness's anticipated testimony, by virtue of having
previously interviewed or deposed the witness.  In that event, Defendants should
enjoy the lion's share of the 7 hours.  And the allocation of time proposed by
Defendants—5 hours for them, 2 hours for the Government—is a reasonable one.

The Court recognizes that the CMP contemplates that the trial record will
include deposition designations and the parties may wish to use a nonparty's
deposition testimony in lieu of calling the witness at trial.  (*See* CMP ¶ 18).  A limit
of 2 hours might in some instances restrict the Government's ability to rely on
deposition designations from the witness.  But the CMP also allows the parties to
use nationwide service of process for trial (as well as discovery) subpoenas.  (*Id.* ¶ 11
(citing 15 U.S.C. § 23 (authorizing subpoenas in civil antitrust cases to compel the
appearance of out-of-state witnesses living more than 100 miles outside the district

---

[2] The Government argues that courts have "routinely embodied" an "equal time" approach in
antitrust merger cases.  (Dkt. No. 52 at 1 & n.1 (citing case management plans in fifteen different
cases)).  Maybe so.  But the Government does not indicate that the allocation of deposition time was
disputed in any of these cases, as it is here.  A review of the one case management plan cited by the
Government from a case in this District shows that the parties agreed to the allocation.  *See* Case
Management and Scheduling Order ¶ 14(b), *FTC v. Tapestry, Inc.*, No. 24 Civ. 3109 (S.D.N.Y. May 1,
2024), Dkt. No. 71.

where the action is pending))).  Thus, the Government will be able to compel the witness's testimony at trial if it believes it needs more than 2 hours to marshal the relevant evidence from that witness, notwithstanding the 100-mile limitation normally applicable under Fed. R. Civ. P. 45(c)(1)(A).[3]

At the same time, the Court disagrees with Defendants' position that this allocation of time should necessarily govern the deposition of any nonparty witness who appears on the Government's witness list, but not Defendants' list.  The appearance of a witness on the Government's witness list is a reasonable proxy for inferring that the Government has previously spoken to that person, but it is no more than that.  If the Government has not, in fact, previously interviewed or deposed the witness, there is no apparent reason why Defendants should receive more time at the witness's deposition than the Government.  In that circumstance, the 7 hours should be divided equally.

Thus, Paragraph 7.H of the CMP should be revised to adopt "Defendants' Position" as set forth on page 7 of the CMP, with the following additional language appended to the end of the second sentence: "; provided, however, that if the Government represents that it has not previously interviewed or deposed the witness, then each side shall have three and a half (3.5) hours with that witness."

## B.  Length of Pretrial Memoranda

The CMP provides that each side may file a pretrial memorandum of up to 30 pages.  (CMP ¶ 23.D).  In this, the parties are in agreement.  However, their

---

[3] Alternatively, if the witness prefers, the deposition can be extended beyond 7 hours to avoid the inconvenience of the witness having to attend the trial.

proposal is at odds with Rule 1.A.4 of Judge Marrero's Trial Procedures, which provides that a pretrial memorandum in a bench trial may be no longer than 15 pages.  The CMP is at odds with Rule 1.A.4 in another respect as well:  While the Rule requires proposed findings of fact and conclusions of law to be submitted (together with the pretrial memoranda) at the same time as the final pretrial order, the CMP states that, in light of the expedited schedule and complex nature of the case, the parties shall instead submit proposed findings of fact and conclusions of law two weeks after the last trial day.  (CMP ¶ 23.E).

Given the complexity of this case, the Court believes the parties' request to file pretrial memoranda of up to 30 pages per side is reasonable, warranting a departure from Rule 1.A.4 of Judge Marrero's Trial Procedures.  The Court does not address the additional variance between Rule 1.A.4 and the parties' proposal to defer submission of proposed findings of fact and conclusions of law until after the trial, because that issue is not encompassed by the Order of Reference.  (*See* Dkt. No. 57).

**SO ORDERED.**

DATED:     New York, New York
           February 24, 2025

_____
GARY STEIN
United States Magistrate Judge