```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/4/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

               *Plaintiff*,

v.

GLOBAL BUSINESS TRAVEL GROUP,
INC., and CWT HOLDINGS, LLC,

               *Defendants*.

Civil Action No.: 1:25-cv-00215-VM

~~[PROPOSED]~~ **CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER**

---

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R.

Civ. P. 16 and 26(f).

    1.      This case is not to be tried to a jury.

    2.      Defendants have accepted service of the Complaint and have waived service of a

summons.

    3.      **Responsive Pleadings**.  Defendant Global Business Travel Group, Inc. ("Amex

GBT") answered the Complaint on January 14, 2025.  Defendant CWT Holdings LLC ("CWT")

will answer the Complaint on or before March 11, 2025.  Amex GBT and CWT shall file any

amendments to their answers to the Complaint within 21 days after CWT answers the Complaint.

    4.      Due to the compressed schedule before trial, the Parties have agreed that no

motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment

will be filed in this action.

    5.      Defendants have agreed that they will not close, consummate, or otherwise

complete the Proposed Acquisition until 12:01 a.m. on the tenth (10th) day following the entry of

the judgment by the Court, and only if the Court enters an appealable order that does not prohibit

consummation of the Proposed Acquisition.  For purposes of this Order, "Proposed Acquisition" means the proposed acquisition of CWT by Amex GBT.

6.      The Parties agree to forego Fed. R. Civ. P. 26(a)(1) initial disclosures.

7.      **Discovery**.  Fact discovery will begin upon the filing of this Order.[1]  All fact discovery is to be completed by **June 3, 2025**, except that depositions of witnesses not disclosed on the Parties' preliminary witness lists but included on the Parties' final witness lists must be completed by **June 30, 2025**, and the Parties may agree in writing to take specific depositions after **June 3, 2025**.

      A.      The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  Interim deadlines may be extended by the Parties on consent without application to the Court, provided the Parties are certain that they can still meet the discovery completion date ordered by the Court.

      B.      There is no limit on the number of requests for the production of documents that may be served by the Parties pursuant to Federal Rule of Civil Procedure 34.  The

---

[1] The Parties agree that if the Court enters an Order containing or adopting the provisions on which the Parties agree, but refers some or all of the disputed provisions to a later hearing or to the Magistrate Judge, discovery shall begin on the entry of that Order.

Plaintiff shall produce Investigation Materials as defined in the Protective Order on a date mutually agreed by the Parties, but in no event more than fourteen (14) calendar days after entry of the Protective Order, except that the Parties need not produce Investigation Materials that any Party provided to any opposing Party.  In addition, Plaintiff shall make reasonable efforts to produce Investigation Materials for the following investigations:  (1) the Antitrust Division's investigation of the merger of GBT and Egencia, and (2) the Antitrust Division's investigation of the merger of GBT and HRG.  Notwithstanding the exception in the first sentence of paragraph 26 of the Protective Order, Plaintiff shall include in its production of Investigation Materials to Defendants any Investigation Materials that were provided by one Party to an opposing Party as part of the Antitrust Division's investigations of the mergers of GBT and Egencia or of GBT and HRG.

Parties shall serve any objections to requests for the production of documents no later than seven (7) calendar days after the date of service of the document requests to which they assert objections. Within three (3) calendar days of service of any such objections, the Parties shall meet and confer in a good-faith attempt to resolve the objections. The Parties agree to make good-faith efforts to produce documents on a rolling basis and shall make a good-faith effort to substantially comply with requests for production no later than thirty (30) calendar days after the date of service and must make good-faith efforts to complete production within forty (40) calendar days after the date of service, unless the Party objects to producing documents in response to such a request for production, in which case the production must occur within twenty (20) days after the objection is resolved either by an agreement between the Parties or Court order.[2] Furthermore, with respect to responses to requests for production for which Defendants reasonably believe technology-assisted review should be used, the clocks for production responsive to those requests do not begin until all objections to any such requests are resolved by the Parties' agreement or the Court's order.[3] Plaintiff shall serve one set of requests for production seeking a refresh of the Second Request production. Plaintiff currently anticipates serving this set of requests for

---

[2] For the avoidance of doubt, other than with respect to requests for production for which Defendants reasonably believe technology-assisted review should be used, (a) for any set of requests for production, if a Party objects to a request for production, that objection does not stop the 30- and 40-day production clocks for requests for production not objected to and (b) if a Party only objects in part to a request for production, the 30- and 40-day production clocks apply to productions with respect to the part of that request for production that are not objected to.

[3] Defendants have informed Plaintiffs that it is unduly burdensome to conduct custodial searches more than once, and on that basis reserve the right to object to further custodial searches after the technology-assisted review has been done.

production on the day that discovery opens, or shortly thereafter. The cut-off date for this set of requests shall be the date on which the request is served. The Parties agree to meet and confer regarding reasonable cut-off dates for other requests for production.

C.     Where Defendants have listed a Party witness on their preliminary or final trial witness list, and that witness was not a custodian for the productions made in response to the Plaintiff's pre-complaint Second Requests, they must produce documents from the files of that witness, using the same requests for production, responsiveness criteria, and date ranges applicable to the Second Request custodians, except that production for such new custodians must include documents created, altered, sent, or received on or before February 15, 2025. Substantial completion of this production must occur within fifteen (15) calendar days after the preliminary witness list (for witnesses identified for the first time on the preliminary witness list) or ten (10) calendar days after the final witness list (for witnesses identified for the first time on the final witness list). For productions occurring after identification on the preliminary witness list, the production of a privilege log and any documents withheld for privilege review will be produced within twenty-five (25) calendar days after the preliminary witness list. In the event that substantial completion of these productions is not completed by these dates, the Parties agree that depositions of these witnesses may take place after the cut-off of fact discovery.

D.     In response to any requests to which data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests, which includes

answering questions with explanations of the content, storage, and production of available data and/or databases.  Throughout the meet-and-confer process, the Parties will work in good faith to complete production of data or data compilations, but must employ good-faith efforts to comply with the requests for production no later than thirty (30) calendar days after service of the requests for production, unless otherwise extended by agreement between the Parties.

E.    Regarding interrogatories, the Parties agree to adhere to the substantive limits in LCR 33.3 throughout discovery.  Each side is limited to a maximum of ten (10) interrogatories, counting subparts.  The Parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service. Within three (3) calendar days of service of any such objections, the Parties shall meet and confer in a good-faith attempt to resolve the objections.  The Parties shall serve substantive responses no later than fourteen (14) calendar days after service of objections to the interrogatories for interrogatories not objected to.

F.    Each side may depose a witness who is listed on either side's preliminary fact witness list or final fact witness list.  In addition, each side may take 140 hours of fact depositions of individuals beyond those listed on either side's preliminary fact witness list or fact witness list.  The following depositions do not count against the caps imposed above: (a) depositions of the Parties' designated expert witnesses, (b) depositions taken in response to Civil Investigative Demands, and (c) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party (provided that such depositions are designated at the time they are noticed as being taken for the

sole purpose of establishing the location, authenticity, or admissibility of documents). Unless otherwise agreed, or for good cause shown, all fact witness depositions are subject to a seven-hour limit.

G.     Any Party may depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition.

H.     All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven (7) hours on the record.[4] For Party witnesses, the opposing side shall have seven (7) hours, regardless of whether the other side notices it or not. Plaintiff shall have seven (7) hours of deposition time for any depositions of Monarch Alternative Capital LP, Redwood Capital Management, LLC, their affiliates, subsidiaries, and parent companies, and any employee, officer, director, or representative of the foregoing; for all other consultants, agents, contractors, shareholders, investors, representatives, and former employees of the Parties, the Parties agree to meet and confer regarding the appropriate allocation of deposition hours. In addition, if the Plaintiff notices the deposition of a person to, or with which, a Defendant has made an agreement, offer, or term sheet presented as a proposed remedy to address the Plaintiff's concerns about the Proposed Acquisition, the Plaintiff shall receive up to seven (7) hours of examination time regardless of whether Defendants also notice that

---

[4] For the avoidance of doubt, if a party witness is noticed as a fact witness, and also designated as a 30(b)(6) witness, the time spent on the 30(b)(6) topics for which that person is designated shall not count against the 7-hour limit on fact witness depositions.

deposition.  Nothing in this Order precludes counsel for a Party from taking

reasonable and appropriate redirect examination of their own fact witnesses.

Opposing counsel may then have rebuttal time equal to any time spent on redirect,

without that time counting toward the 7 hours of deposition time permitted under

this Order.  Any time allotted to one Party but not used by that Party in a non-

party deposition may not be used by the other Party, unless the party that does not

use all of its allotted time agrees to allow the other party to use the remaining

time.  For non-party depositions that are not cross-noticed, the Party seeking the

deposition will have five (5) hours available to them, and the Party who did not

notice the deposition will have two (2) hours.  If both Plaintiff and one or both

Defendants issue a subpoena to the same non-party witness, and that non-party

witness is on one side's preliminary or final trial witness list (but not on the

other's), the side that has listed the witness shall have two (2) hours and the side

that has not listed the witness shall have five (5) hours; provided, however, that if

the Government represents that it has not previously interviewed or deposed the

witness, then each side shall have three and a half (3.5) hours with that witness.  If

both Plaintiff and one or both Defendants issue a subpoena to the same non-party

witness, and that witness is not on either side's preliminary or final trial witness

list, they shall each have three and a half (3.5) hours.

I.    Plaintiff may issue no more than one (1) notice of deposition under Rule 30(b)(6),

for a total of twelve (12) hours, to Amex GBT, and no more than one (1) notice of

deposition under Rule 30(b)(6), for a total of twelve (12) hours, to CWT.

Defendants collectively may issue no more than one (1) notice of deposition

under Rule 30(b)(6) to Plaintiff, for a total of twelve (12) hours.  The Parties must issue notices of deposition under Rule 30(b)(6) no later than thirty (30) calendar days prior to the end of fact discovery.  Any 30(b)(6) depositions relating solely to establishing the location, authenticity, or admissibility of documents produced by any Party or non-party (provided that such depositions are designated at the time they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents) do not count against the limits described in this Paragraph or Paragraph 7.F.

J.      The Parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than seven (7) calendar days between the extended production date and the date scheduled for the non-party's deposition, the date scheduled for the deposition must be postponed to be at least seven (7) calendar days following the extended production date, absent consent from all other Parties.

K.      The Parties will work cooperatively with respect to scheduling depositions.  The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.  The Parties likewise

agree to work in good faith regarding the location of Party depositions on a case-by-case basis.

L.      Depositions of all Party and non-party witnesses may occur concurrently.

M.      Rule 45 subpoenas will be served by **May 23, 2025**, except those related to a witness on a Party's final witness list, but not previously disclosed, may be served by **June 13, 2025**, and the last day to depose Rule 45 witnesses newly added to a Party's final witness list is **June 30, 2025**.

N.      Every documentary subpoena to a third party shall include a cover letter requesting that (1) the third party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party.  If a third party fails to provide copies of productions to the other Parties, the requesting Party shall produce all materials received pursuant to the third-party subpoena, as well as all materials received voluntarily in lieu of a subpoena, including declarations or affidavits obtained from a third party, to all other Parties within three (3) business days of receiving those materials.  The requesting Party's obligation to produce these third-party documents to the non-requesting Party exists regardless of whether the non-requesting Party makes a request to the requesting Party for these productions.

O.      Each Party must provide the other Parties with (i) a copy of any written communication (including email) with any non-party concerning the non-party's response to or compliance with any subpoena, including any extensions,

postponements, or modifications, within three (3) business days of the

communication; and (ii) a written record of any oral or written modifications to

the subpoena, within three (3) business days of the modification.

P.      The Parties shall serve no more than ten (10) requests for admission, including

subparts, per side, not including those related solely to the authenticity of

documents or the admissibility of documents, data, or other evidence.  The Parties

shall serve any objections to requests for admission within seven (7) calendar

days after the requests are served.  Within three (3) calendar days of service of

any objections, the Parties shall meet and confer to attempt to resolve the

objections.  The Parties shall fully respond to requests for admission no later than

twenty-eight (28) calendar days after service of the requests.

Q.      All documents produced by a Party or non-party are presumed authentic for

purposes of Federal Rule of Evidence 901 if the document was created by or on

behalf of the Party or non-party producing the document.  Any objection to

authenticity must be provided with the exchange of other written objections to

intended trial exhibits.  If the opposing Party serves a specific, good-faith written

objection to authenticity, the presumption of authenticity will no longer apply, and

the Parties will promptly meet and confer to attempt to resolve any objection.

Any objections that are not resolved through this means or the discovery process

will be resolved by the Court.

R.      Document productions shall be made to the attention of:

     i.      <u>To Plaintiff</u>:

Jeffrey Vernon (jeffrey.vernon@usdoj.gov)
James L. Moore (james.moore4@usdoj.gov)

John Sullivan (john.sullivan@usdoj.gov)
Brendan Leverone (Brendan.Leverone@usdoj.gov)
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530

    ii.    <u>To Amex GBT</u>:

Steven C. Sunshine
Julia K. York
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue N.W.
Washington, DC 20005
Telephone: (202) 371-7860
Email: steve.sunshine@skadden.com
Email:  julia.york@skadden.com

Kenneth B. Schwartz
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-2731
Email: ken.schwartz@skadden.com

Michael L. Weiner
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3957
Facsimile: (202) 429-3902
Email: mweiner@steptoe.com

Lee F. Berger
STEPTOE LLP
1330 Connecticut Ave, N.W.
Washington, DC 20036
Telephone: (202) 429-1397
Email: lberger@steptoe.com

    iii.    <u>To CWT</u>:

Michael F. Murray
Ryan Phair
Paul Hastings LLP

>2050 M St. NW
>Washington, DC 20036
>Telephone: (202) 551-1730
>Email: michaelmurray@paulhastings.com
>Email: ryanphair@paulhastings.com

8.    **Experts**.  All expert discovery, including the Parties' expert reports pursuant to Fed. R. Civ. P. 26(a)(2) and depositions of any such experts, is to be completed by **August 15, 2025**.  All expert reports may be transmitted by electronic means.

   A.    Each side shall identify all experts that it expects to call, along with a brief statement of the subject matter on which the expert will testify, by **April 21, 2025, at 5 P.M. EDT**.  Each side shall identify all experts that it expects to call in rebuttal, along with a brief statement of the subject matter on which the expert will testify, by **May 12, 2025, at 5 P.M. EDT**.

   B.    Expert Reports:

      i.    Opening expert reports shall be exchanged by 5:00 P.M. EDT on **June 19, 2025**.  The Parties shall deliver to one another their expert rebuttal reports by 5:00 PM EDT on **July 11, 2025**.  The Parties shall deliver to one another their expert reply reports by 5:00 PM EDT on **August 1, 2025**.[5]

      ii.    Defendants' expert reports on the topics set out in the e-mail sent by Plaintiff's counsel dated February 19, 2025 shall be included in initial reports served by Defendants on **June 19, 2025**.  For the avoidance of doubt, Defendants submitting such an expert

---

[5] The Parties may supplement expert reports to include only discussion or analysis of (a) evidence produced after June 3, 2025, pursuant to the supplemental discovery period applicable to witnesses added to a Party's final witness list and (b) evidence produced after June 3, 2025, pursuant to the exceptions to the "Evidentiary Cut-Off Date," as described in Section 10.  Absent agreement by the Parties, these supplements must be exchanged by August 1, 2025.

report does not mean that Defendants are assuming any burden that they would not otherwise

bear with respect to any such defense.  The Parties understand and agree that each side may have

any expert previously designated on a topic submit a reply report or disclosure that addresses

issues raised in the other side's rebuttal reports or disclosures regarding that topic, even if that

expert had not previously submitted an opening report or disclosure on that topic.

    C.    Each expert will be deposed for only one seven (7) hour day, with all seven hours

reserved for the opposing side.  Depositions of each side's experts will be

conducted only after the disclosure of all expert reports on the dates set forth

above.  Nothing in this Order precludes counsel for a Party from taking

reasonable and appropriate redirect examination of their own expert witnesses.

The opposing side may then have rebuttal time equal to any time spent on

redirect, without that time counting toward the seven (7) hours of deposition time

permitted under this Order.

    D.    Expert disclosures, including each side's expert reports, shall comply with the

requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as

modified herein:

    i.    Neither side must preserve or disclose, including in expert

deposition testimony, the following documents or materials, and the Parties shall not be obligated

to include such information on any privilege log: (1) any form of written or oral

communications, correspondence, or work product not relied upon by the expert in forming any

opinions in his or her final report shared (a) between the Plaintiff or any Defendant's counsel and

the Plaintiff's or the Party's own testifying or non-testifying expert(s), (b) between any agent or

employee of the Plaintiff or Defendant's counsel and the Plaintiff or the Defendant's own

testifying or non-testifying expert(s), (c) between testifying and non-testifying experts,

(d) between non-testifying experts, or (e) between testifying experts; (2) any form of oral or

written communications, correspondence, or work product not relied upon by the expert in

forming any opinions in his or her final report shared between experts and any persons assisting

the expert; (3) the expert's notes, except for notes of interviews participated in or conducted by

the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(4) drafts of expert reports, affidavits, or declarations; and (5) data formulations, data runs,

analyses, or any database-related operations not relied upon by the expert in forming any

opinions in his or her final report.

           ii.     The Parties will disclose the following materials with all expert

reports: (1) all final reports; (2) a list by Bates number of all documents relied upon by the

testifying expert(s) in forming any opinions in his or her final reports; (3) copies of any material

relied upon by the expert not previously produced that are not readily available publicly; (4) a list

of all publications authored by the expert in the previous ten (10) years and copies of all

publications authored by the expert in the previous ten (10) years that are not readily available

publicly; (5) a list of all other cases in which, during the previous four (4) years, the expert

testified at trial or by deposition, including tribunal and case number; and (6) for all calculations

appearing in the final reports, all data and programs underlying the calculations (including all

programs and codes necessary to replicate the calculations from the initial ("raw") data files and

the intermediate working-data files that are generated from the raw data files and used in

performing the calculations appearing in the final report) and a written explanation of why any

observations in the raw data were either excluded from the calculations or modified when used in

the calculations.  The materials listed in sub-part (6), above, shall be delivered no later than one (1) business day after the delivery of the relevant expert report.

9. **Timely Production of Evidence Concerning Remedy**.

A.      Evidence related to a Defendant's attempts to address the Plaintiff's concerns about the Proposed Acquisition, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the Plaintiff unless Defendants provide a copy of the agreement, offer, or term sheet, if any, or a summary of the commitment, to the Plaintiffs by sixty (60) calendar days before the close of fact discovery.

B.      Notwithstanding any other part of this Order, if Defendants decide to litigate the lawfulness of the proposed merger with a proposed remedy, Plaintiff will be entitled to additional commensurate discovery.  Because the nature and amount of the additional discovery, including the possible need for additional time to conduct such additional discovery, is unknown at this time, the Parties agree to meet and confer in good faith at the time of a proposed remedy to present to the Court a jointly proposed modification to the limitations contained in this Order.

10.      **Evidentiary Cut-Off Date**.  Subject to the exceptions set forth below in paragraphs 10(A)-(F) below, no Party shall rely on documents, data, or information created, sent, received, or altered after June 3, 2025 ("Evidentiary Cut-Off Date"), absent a stipulation of the

Parties or order of the Court for good cause shown.[6]  The foregoing Evidentiary Cut-Off Date shall not apply to:

A.    Expert reports (including any analysis contained therein, and supporting materials provided in connection therewith) may be relied upon by the Parties, provided however that expert witnesses may not rely on documents, data, or information that was not produced before the close of fact discovery (except that expert reports may cite publicly available documents even if not produced).

B.    Documents or data produced for the purpose of complying with an order regarding a motion to compel production of documents in connection with fact discovery.

C.    Affidavits or declarations relating solely to the authentication or admissibility of documents, data, or information.

D.    Documents, data, or information added pursuant to an agreement between Plaintiff and Defendants.

E.    Depositions and document productions occurring after June 3 for witnesses who were listed on a Party's final witness list but not on the Party's preliminary witness list, pursuant to Section 7(M), above.

F.    Documents, data, or information relating to CWT's financial condition or customer wins/losses created by July 1, 2025.[7]

---

[6]  For the avoidance of doubt, the Parties acknowledge that Defendants may move the Court for the admission of supplemental evidence created between June 3, 2025 and the date of trial on any relevant topic, and that Plaintiff reserves the right to oppose such a motion.

[7]  CWT agrees to produce documents from the files of the five individuals identified in an email dated February 19, 2025, that are sent, altered, created, or received prior to 7/1 relating to CWT's finances, cash flow, ability to obtain more funding, customer wins (including renewals) and losses, and profitability, and to any actual or potential mergers, acquisitions by, or investment

11.     **Nationwide Service of Process**.  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the Parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

12.     **Interview Memoranda**.  The Parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, created by any Party's counsel (or any employee or agent working for counsel, including, for example, paralegals), except as required by section 8(D)(i)(3) above.

13.     **Retention of Attorney Communications**.  The Parties agree that neither Defendants nor the Plaintiff must preserve or produce in discovery (or provide entries on a privilege log relating to) the following categories of documents: (1) documents sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel of the Plaintiff (or persons employed by the United States Department of Justice); and (2) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, authored by the Defendants' outside counsel (or persons employed by our acting on behalf of such counsel) or by counsel for the Plaintiff (or persons employed by the United States Department of Justice).

14.     **Electronically Stored Information**.

---

from persons other than GBT.  CWT must make this production on a rolling basis, with the final production occurring no later than July 15, 2025.

A.  All Parties will request electronically stored information ("ESI") in the form or forms that facilitate efficient review of ESI.  In general, Defendants shall produce ESI according to the same technical specifications, including any modifications granted by the Plaintiff, used by Defendants in the Plaintiff's pre-complaint investigation.  For the avoidance of doubt, in responding to any request for production, Defendants may use the same TAR model previously approved by Plaintiff during the pre-complaint investigation without further validation or approval.

B.  The Parties do not need to preserve or produce in discovery the following categories of electronically stored information for this matter:

   i.  Voicemail messages, except in the case where they are contained within the Parties' e-mail systems;

   ii.  E-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., Blackberry handheld), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere for potential production in discovery;

   iii.  Other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

   iv.  Temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located; and

   v.  Server, system, or network logs.

15.  **Privilege Logs**.

A.     The Parties shall serve any privilege log thirty (30) calendar days following

substantial completion of production of documents responsive to any set of

document requests.  Any documents determined not to be privileged during the

preparation of privilege logs will be produced on a rolling basis and must be

produced no later than service of the corresponding privilege log.

B.     Documents that are responsive to requests for production and that have been

withheld or redacted on the basis of any claim of privilege and/or work product

protection must be reflected on the Parties' privilege logs.  Privilege logs shall

identify for each document for which the Party claims privilege: (i) whether the

document is being withheld or redacted; (ii) all claims of privilege and/or attorney

work product applicable to the document withheld or redacted; (iii) a description

of the specific subject matter of the document or communication not produced or

disclosed in a manner that, without revealing information itself privileged or

protected, will enable other Parties and the Court to evaluate the applicability of

the privilege; and (iv) the following non-privileged metadata: all authors,

addresses, and recipients of the document; subject line (if an email) or the file

name (if non-email);[8] date of the document; type of document (e.g., .pdf, Excel,

.msg); Bates range; family Bates range if applicable; and custodian(s).  Privilege

logs will be produced along with a separate index containing an alphabetical list

(by last name) of each name on the privilege log, identifying titles (for Party

employees), company affiliations, the members of any group or email list on the

---

[8] If Defendants make a reasonable determination that they have inadvertently produced email subject information or filename information that is privileged, they may claw back that information following the clawback procedures outline in the Protective Order.

log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

C.    The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of the United States Department of Justice); (3) documents or communications sent solely among inside counsel, or inside counsel and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant; (4) privileged draft contracts; (5) draft regulatory filings; (6) non-responsive, privileged documents attached to responsive documents; and (7) documents already listed on a privilege log produced by a Party during the investigation related to this transaction.

D.    For each entry of any privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ"). Further, the Parties shall identify all persons working in a legal capacity with respect to the withheld materials other than attorneys, e.g., paralegals and legal secretaries, who appear on the privilege log.

16.    **Evidence from a Foreign Country**.

A.    Each Party has agreed that its litigation counsel in this action will accept service by email of a deposition notice or trial subpoena on behalf of the individuals listed

in the email from counsel dated February 19, 2025, who reside or are located outside the United States and are employed by a Defendant at the time the deposition notice or trial subpoena is served, without requiring procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  Defendants will in good faith consider additional reasonable requests to accept service of deposition notices or trial subpoenas for individuals employed by a Defendant who reside or are located outside of the United States that are not listed in the e-mail dated February 19, 2025.

B.    Defendants will make the individuals listed in the email from counsel dated February 19, 2025, provided that they are employed by a Defendant at the time the deposition notice or trial subpoena is served, plus any other individuals employed by a Defendant who reside or are located outside of the United States for whom Defendants' counsel has agreed to accept service, available for deposition and trial testimony.  Unless that individual will be produced by Defendants for deposition in the United States, any deposition of that individual may be conducted via remote means, and any such deposition may be conducted under United States law.

C.    For any non-party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, and any such deposition may be conducted under United States law.

17.    **Exhibit Lists**.  The Parties shall exchange exhibit lists on **August 4, 2025**.  The Parties shall exchange objections to exhibits on the exhibit lists on **August 11, 2025**.  The Parties

shall meet and confer no later than **August 18, 2025** (and as required thereafter) to engage in good-faith efforts to resolve objections.

18.     **Deposition Designations**.  The Parties shall exchange initial deposition designations on **August 4, 2025**.  The Parties shall exchange objections to these initial deposition designations and counter-designations on **August 11, 2025**.  The Parties shall exchange objections to these counter-objections on **August 14, 2025**.  The Parties shall meet and confer no later than **August 18, 2025** (and as required thereafter) to engage in good-faith efforts to resolve objections.

19.     **Witnesses.**

A.     Each side is limited to twenty-five (25) persons (excluding experts) on their preliminary trial witness list.

B.     Each side is limited to twenty (20) witnesses (excluding experts) on its final trial witness list.  Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial witness list, and this designation shall count against the limit, except that each side can designate depositions from up to eight (8) witnesses without those designations counting against the limit.  Each side's final trial witness list may identify no more than six (6) fact witnesses that were not identified on that side's preliminary trial witness list.  The final trial witness list must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(ii), and must include the name, employer, address, and telephone number of each witness.

C.     If any new fact witnesses are added to a final trial witness list who were not on that side's preliminary trial witness list, document discovery may be had with

respect to such person(s), even if out of time, and a deposition(s) by the other side
of such witness(es) will not count against that other side's total deposition hours.

D.     No Party may call a person to testify as a live witness at trial (other than solely for
impeachment) unless (a) that person was identified on any Party's final trial
witness list; (b) all Parties agree that that party may call that person to testify; or
(c) ordered by the Court after that Party demonstrates good cause for allowing it
to call that person to testify, despite that Party's failure to identify that person
sooner.

20.     The Parties shall submit a Joint Pretrial Order consistent with Rule I.A.1. of the
Court's Trial Procedures by **August 25, 2025**.

21.     The Parties request a final pretrial conference the week of **September 1, 2025**.

22.     **Trial**.  Trial will begin on **September 8, 2025**.

23.     **Briefing and Related Matters**.

A.     Each side will file no more than a total of five (5) motions *in limine* (for the sake
of clarity, *Daubert* motions do not count against this limit).

B.     The Parties shall submit any motions *in limine* by **August 15, 2025**.  Opposition
to motions *in limine* shall be due **August 22, 2025**.  Reply memoranda shall be
due on **August 25, 2025**.

C.     The parties shall submit any motions pursuant to *Daubert* or Fed. R. Evid. 703 by
**August 20, 2025**.  Oppositions to motions pursuant to *Daubert* or Fed. R. Evid.
703 shall be due on **August 27, 2025**.  Reply memoranda shall be due on
**September 1, 2025.**

D.    Each side may file one pretrial memorandum no longer than thirty (30) pages on

**August 25, 2025**.

E.    Each side shall submit its proposed findings of fact and conclusions of law on

**August 25, 2025**.

24.    **Service**.  Service of any documents not filed via ECF, including pleadings,

discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the

following individuals designated by each Party:

A.    <u>For Plaintiff</u>:

Jeffrey Vernon (jeffrey.vernon@usdoj.gov)
James L. Moore (james.moore4@usdoj.gov)
John Sullivan (john.sullivan@usdoj.gov)
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530

B.    <u>For Amex GBT</u>:

Steven C. Sunshine
Julia K. York
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue N.W.
Washington, DC 20005
Telephone: (202) 371-7860
Email: steve.sunshine@skadden.com
Email:  julia.york@skadden.com

Kenneth B. Schwartz
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-2731
Email: ken.schwartz@skadden.com

Michael L. Weiner

STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3957
Facsimile: (202) 429-3902
Email: mweiner@steptoe.com

Lee F. Berger
STEPTOE LLP
1330 Connecticut Ave, N.W.
Washington, DC 20036
Telephone: (202) 429-1397
Email: lberger@steptoe.com

C.      For CWT:

Michael F. Murray
Ryan Phair
Paul Hastings LLP
2050 M St. NW
Washington, DC 20036
Telephone: (202) 551-1730
Email: michaelmurray@paulhastings.com
Email: ryanphair@paulhastings.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the Parties, the serving Party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

25.     **Calculation of time**.  To compute any time period in this Case Management Order that is based on calendar days, the parties shall use the rules outlined in Fed. R. Civ. P. 6(a).

26.     Following the completion of all discovery, counsel for the parties must meet for at least one (1) hour to discuss settlement, such conference to be held by no later than **August 18, 2025**.  This meeting may be by videoconference.

27.     The Parties do not consent to a trial by Magistrate Judge under 28 U.S.C. § 636(c).

**SO ORDERED:**

Dated: March 4, 2025
New York, New York

_____
The Honorable  Victor Marrero
United States District Judge

**Attachment A**

| Event | Date |
|---|---|
| Discovery commences | On the filing of this order |
| Exchange of preliminary witness lists | March 31, 2025, at 5 P.M. EDT |
| Identification of experts | April 21, 2025, at 5 P.M. EDT |
| Identification of rebuttal experts | May 12, 2025, at 5 P.M. EDT |
| Last date to serve Rule 45 subpoenas | May 23, 2025 |
| End of fact discovery | June 3, 2025 |
| Exchange of final witness lists | June 4, 2025, at 5 P.M. EDT |
| Last date to serve Rule 45 subpoena for witnesses newly added to final witness list | June 13, 2025 |
| Exchange of opening expert reports | June 19, 2025 |
| Last day to depose witnesses not disclosed on the Parties' preliminary witness lists but included on the Parties' final witness lists | June 30, 2025 |
| Exchange of rebuttal expert reports | July 11, 2025 |
| Exchange of reply expert reports | August 1, 2025 |
| Parties exchange exhibit lists and opening deposition designations | August 4, 2025 |

| Event | Date |
|---|---|
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party designated by that Party (to the extent necessary) | August 5, 2025 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations (to the extent necessary) | August 11, 2025 |
| Each side exchanges its objections to the other side's deposition counter designations and its counter-counter designations (to the extent necessary) | August 14, 2025 |
| End of expert discovery | August 15, 2025 |
| Last day to submit any motions *in limine* | August 15, 2025 |
| Parties meet and confer about confidentiality and the admissibility of trial exhibits and deposition designations | August 18, 2025 (and as required thereafter) |
| Non-parties provide notice whether they object to the potential public disclosure at hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August 18, 2025 |
| Last day to submit motions pursuant to *Daubert* or Fed. R. Evid 703 | August 20, 2025 |
| Last day to submit opposition to motions *in limine* | August 22, 2025 |

| Event | Date |
|-------|------|
| Submission of joint pretrial order | August 25, 2025 |
| Submission of pretrial memoranda and proposed findings of fact and conclusions of law | August 25, 2025 |
| Last day to submit opposition to motions pursuant to *Daubert* or Fed. R. Evid. 703 | August 27, 2025 |
| Requested date for final pretrial conference | Week of Sept 1, 2025 |
| Trial begins | Sept 8, 2025 |