March 5, 2025

**VIA ECF**
The Honorable Victor Marrero
United States District Judge
500 Pearl Street, Courtroom 15B
New York, NY 10007

Re:     *United States v. Global Business Travel Group, Inc., et al.*, No. 1:25-cv-00215-VM

Dear Judge Marrero:

      In response to the Court's February 13 Order denying CWT Holdings, LLC's ("CWT") motion to seal Exhibit A to the Declaration of Michael F. Murray in its entirety, CWT filed a redacted version of Exhibit A on the public docket.  ECF No. 56-1.  For the reasons set forth below, the United States respectfully submits that CWT's redactions are neither "narrowly tailored," as required by the February 13 Order, nor adequately justified under Second Circuit law.  Despite exchanging proposals and conferring both before and after CWT's February 20 filing, the United States and CWT continue to disagree about the scope of appropriate redactions to Exhibit A.  Accordingly, the United States respectfully requests that the Court order CWT to publicly file a more narrowly redacted version of Exhibit A.  Although CWT, as the party opposing disclosure, bears the burden of justifying why its redactions outweigh the presumption of public access, the United States offers Exhibit 1 for the Court's consideration.  Based on proposals exchanged with CWT since February 20, Exhibit 1 uses yellow highlights to show information over which the United States does not oppose continued redaction and pink highlights to show information that the United States suggests the Court should order unredacted in accord with the rigorous standards for sealing judicial documents.

      *First*, a review of nearly any page of CWT's Exhibit A filed on February 20 illustrates that its redactions are in no sense either narrow or tailored.  Among other information, CWT's redactions conceal:

- Reiteration of CWT's publicly disclosed "failing firm" defense;[1]

- Statements that correspond with the requisite elements of a failing firm defense;[2]

- Generalized qualitative assessments;

---

[1] *See* ECF No. 55-1 at 2, 9–10, 11 (disclosing Defendants' failing firm defense publicly); ECF No. 55-2 at 3 (same); ECF No. 55-4 at 2 (same); ECF No. 55-12 at 2 (same).

[2] *See* U.S. Dep't of Justice & Fed. Trade Comm'n, Merger Guidelines § 3.1 (2023) (listing the three requirements for a failing firm defense under *Citizen Publ'g Co v. United States*, 394 U.S. 131, 138 (1969) as: (1) the failing firm faces "the grave probability of a business failure," (2) the failing firm's "prospects of reorganization [are] dim or nonexistent," and (3) "[t]he company that acquires the failing [firm] or brings it under dominion is the only available purchaser").

- Broad and subjective assessments of CWT's competitiveness; and

- Attorney rhetoric.

CWT's continued redaction of these already public or generic statements is inconsistent with the Court's order that any redactions on Exhibit A must be "narrowly tailored."

*Second*, CWT offers no authority for its insistence that this Court must defer to redactions in the CMA's Supplementary Interim Report. *See* Feb. 20 Ltr. from CWT at 1–2, ECF No. 56. Nor is the United States aware of any. Exhibit A is attorney advocacy that CWT submitted to the CMA based on preexisting CWT documents and information. CWT elected to submit Exhibit A for this Court's consideration and is therefore obligated to justify any sealing according to the Second Circuit's law governing the confidentiality of judicial documents. The fact that CWT submitted the same advocacy document to another jurisdiction subject to potentially different standards for public access and confidentiality has no bearing on a filing now before this Court.[3]

*Third*, CWT repeats its unsubstantiated assertion that disclosure of the redacted information in Exhibit A "would cause immediate and irreparable harm to CWT." Feb. 20 Ltr. from CWT at 2. As the Court's February 13 Order explained, sealing is improper absent "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." Feb. 13 Order at 9–10, ECF No. 49 (quoting *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Yet CWT again offers little explanation of what irreparable harm it would suffer or why it would suffer it.

By contrast, the United States respectfully suggests that its narrowly tailored redactions included in Exhibit 1 appropriately balance the presumption of public access with the protection of undisclosed and competitively sensitive information. Therefore, the United States respectfully requests that the Court order CWT to file on the public docket a more narrowly redacted version of Exhibit A to the Declaration of Michael F. Murray.

Respectfully submitted,

*/s/ Michael Rosengart*
Michael Rosengart (N.Y. Bar #5696117)
United States Department of Justice,
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 568-1705
Facsimile: (202) 616-2441

---

[3] Even if the redactions in the CMA's Supplementary Interim Report were relevant, CWT's redactions in Exhibit A filed publicly on this Court's docket are even broader than those applied by the CMA in its Supplementary Interim Report.

Email: michael.rosengart@usdoj.gov

*Counsel for Plaintiff United States of America*