UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>450 Fifth Street NW, Suite 8000<br>Washington, DC 20530,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC.<br>666 Third Avenue, 4th Floor<br>New York, NY 10017,<br><br>and<br><br>CWT HOLDINGS, LLC<br>701 Carlson Parkway<br>Minnetonka, MN 55305,<br><br>*Defendants*. | Case No.  1:25-cv-00215 (PAE) |

## ANSWER OF DEFENDANT CWT HOLDINGS, LLC

Defendant CWT Holdings, LLC ("CWT") hereby answers the complaint filed on January 10, 2025 (the "Complaint") by plaintiff United States of America ("Plaintiff").  Each paragraph below corresponds to the same-numbered paragraph in the Complaint.  CWT denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  CWT denies that the headings contained in the Complaint constitute allegations of fact, and CWT denies them to the extent that they are considered as such.  CWT further expressly denies that the Plaintiff is entitled to the requested, or any other, relief.  CWT reserves the right to amend this Answer.  CWT also states that, except to the extent indicated below, it lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations that

1

relate to the actions, statements, or intent of Global Business Travel Group, Inc. ("Amex GBT") or other third parties.

1. CWT lacks knowledge or information sufficient to form a belief as to both the amount of business travel transactions for which Amex GBT has provided management services and Amex GBT's revenue, and on that basis denies the allegations in Paragraph 1.

2. CWT lacks knowledge or information sufficient to form a belief as to the history of Amex GBT's corporate ownership and on that basis denies the allegations in Paragraph 2.

3. CWT lacks knowledge or information sufficient to form a belief as to the full history of Amex GBT's recent acquisitions and on that basis denies the allegations in Paragraph 3.

4. CWT lacks knowledge or information sufficient to form a belief as to what constitutes the "third-largest" provider of business travel management services in the world and on that basis denies the allegations in the first sentence of Paragraph 4. CWT denies the remaining allegations in Paragraph 4.

5. CWT lacks knowledge or information sufficient to form a belief as to what constitutes "significant roles" in the negotiations between Amex GBT and CWT, and on that basis denies the allegations in the fifth sentence of Paragraph 5. CWT admits the remaining allegations in Paragraph 5.

6. CWT admits the allegations in Paragraph 6.

7. CWT admits the allegations in the first and third sentences in Paragraph 7. CWT lacks knowledge or information sufficient to form a belief as to what constitutes a "core component of a travel management company's value proposition" and therefore denies the allegation in the second sentence of Paragraph 7.

8. CWT admits the allegations in Paragraph 8.

9. CWT admits that it provides both customer service and technology solutions. CWT lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9, and on that basis denies the remaining allegations in Paragraph 9.

10. CWT lacks knowledge or information sufficient to form a belief regarding the switching costs of business travel management customers, and therefore denies the allegations in the last sentence of Paragraph 10. CWT admits the remaining allegations in Paragraph 10, except that it denies any suggestion that only large customers typically require travel management companies to integrate products with external systems.

11. CWT admits the allegations in Paragraph 11. To the extent the allegations in Paragraph 11 purport to incorporate or reference other Paragraphs of the Complaint, however, CWT refers to its responses to those Paragraphs.

12. CWT admits that: (i) it earns revenue from travel suppliers, corporate customers, and global distribution systems, (ii) it receives per-transaction fees, commissions, and incentives from travel suppliers, (iii) it receives per-transaction booking fees and management and consulting fees from corporate customers, and (iv) it receives a per-transaction commission for transactions it books through global distribution systems. CWT lacks knowledge or information sufficient to respond to the remaining allegations of Paragraph 12, and therefore denies them.

13. CWT lacks knowledge or information sufficient to form a belief regarding the customer segmentation practices of Amex GBT or other third parties, and on that basis denies the allegations in Paragraph 13 pertaining to the practices of Amex GBT and other travel management companies. CWT denies the remaining allegations in Paragraph 13.

14. CWT denies that there are a number of characteristics that distinguish global and multinational customers from small-to-medium enterprise customers. To the extent the allegations set forth in Paragraph 14 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 14 differ from or mischaracterize the documents, they are denied.

15. The allegations in Paragraph 15 purport to quote from and characterize Amex GBT documents and statements made by Amex GBT representatives, which are the best evidence of their contents and, therefore, no response is required. To the extent the allegations in Paragraph 15 differ from or mischaracterize those documents and statements, they are denied.

16. CWT denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 purport to characterize and quote from Amex GBT documents, which are the best evidence of their contents and, therefore, no response is required. To the extent the allegations in Paragraph 17 differ from or mischaracterize the documents, they are denied.

18. CWT lacks knowledge or information sufficient to form a belief regarding the practices of industry observers, and on that basis denies the allegations in Paragraph 18.

19. CWT denies the allegations in Paragraph 19. To the extent the allegations set forth in Paragraph 19 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 19 differ from or mischaracterize the documents, they are denied.

20. CWT denies the allegations in Paragraph 20. To the extent the allegations set forth in Paragraph 20 seek to quote from or characterize the contents of Amex GBT documents,

which are the best evidence of their contents, no response is required.  To the extent the allegations in Paragraph 20 differ from or mischaracterize the documents, they are denied.

21. CWT denies the allegations in Paragraph 21.  To the extent the allegations set forth in Paragraph 21 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required.  To the extent the allegations in Paragraph 21 differ from or mischaracterize the documents, they are denied.

22. CWT lacks knowledge or information sufficient to form a belief regarding the views of industry analysts, and on that basis denies the allegations in Paragraph 22.  To the extent the allegations set forth in Paragraph 22 seek to quote from or characterize the contents of public or internal Amex GBT documents, which are the best evidence of their contents, no response is required.  To the extent the allegations in Paragraph 22 differ from or mischaracterize the documents, they are denied.

23. CWT denies the allegations in Paragraph 23.  To the extent the allegations set forth in Paragraph 23 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required.  To the extent the allegations in Paragraph 23 differ from or mischaracterize the documents, they are denied.

24. CWT lacks knowledge or information sufficient to form a belief regarding Amex GBT's actions, and on that basis denies the allegations in Paragraph 24.  To the extent the allegations set forth in Paragraph 24 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required.  To the extent the allegations in Paragraph 24 differ from or mischaracterize the documents, they are denied.

25. CWT denies the allegations in Paragraph 25. To the extent the allegations set forth in Paragraph 25 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 25 differ from or mischaracterize the documents, they are denied.

26. CWT denies the allegations in Paragraph 26. To the extent the allegations set forth in Paragraph 26 seek to quote from or characterize the contents of Amex GBT and CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 26 differ from or mischaracterize the documents, they are denied.

27. CWT admits that several travel technology companies have been offering new technological solutions for the business travel management services industry. CWT denies the remaining allegations in Paragraph 27. To the extent the allegations set forth in Paragraph 27 seek to quote from or characterize the contents of Amex GBT and CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 27 differ from or mischaracterize the documents, they are denied.

28. The allegations in Paragraph 28 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 30.

31. CWT lacks knowledge or information sufficient to respond to the allegation that business travel management services entail a higher level of customer support, account management, and other ancillary services as compared to leisure travel services, and on that basis denies the allegation. CWT admits the remaining allegations set forth in Paragraph 31.

32. The allegations in Paragraph 32 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 33.

34. The allegations in Paragraph 34 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 34.

35. CWT admits that it has tracked its government and military business separately from its commercial business. The remaining allegations in Paragraph 35 either state legal conclusions or purport to quote from a document produced by CWT and Amex GBT, neither of which requires a response. To the extent that a response is required, CWT denies the legal conclusions in Paragraph 35. To the extent the allegations in Paragraph 35 differ from or mischaracterize the document, which is the best evidence of its contents, they are denied.

36. The allegations in Paragraph 36 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 36.

37. The allegations in the first and third sentences of Paragraph 37 contain legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the first and third sentences of Paragraph 37. The allegations in the second sentence of Paragraph 37 purport to quote from and characterize Amex GBT documents, which are the best evidence of their contents and, therefore, no response is required. To the extent the allegations in the second sentence of Paragraph 37 differ from or mischaracterize the document, they are denied.

38. The allegations in Paragraph 38 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 38.

39. The allegations in Paragraph 39 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 39.

40. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 40 regarding Amex GBT's prior regulatory filings, and on that basis denies them. To the extent the allegations set forth in Paragraph 40 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 40 differ from or mischaracterize the documents, they are denied.

41. The allegations in Paragraph 41 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in Paragraph 43.

44. CWT denies the allegations in Paragraph 44.

45. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 45 regarding Amex GBT's views, and on that basis denies the allegations in Paragraph 45. To the extent the allegations set forth in Paragraph 45 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 45 differ from or mischaracterize the documents, they are denied.

46. CWT denies the allegations set forth in Paragraph 46. To the extent the allegations set forth in Paragraph 46 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 46 differ from or mischaracterize the documents, they are denied.

47. CWT admits that it has submitted bids for opportunities where it believes that Amex GBT also submitted a bid. CWT denies the remaining allegations in Paragraph 47.

48. CWT admits that it has submitted bids for opportunities where it believes that Amex GBT also submitted a bid, and that CWT has retained some of these customers. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 48 regarding

Amex GBT's meetings with customers, and on that basis denies them. To the extent the allegations set forth in Paragraph 48 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 48 differ from or mischaracterize the documents, they are denied. The remaining allegations in the sixth and seventh sentences of Paragraph 48 state legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the sixth and seventh sentences of Paragraph 48.

49. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 49 regarding Amex GBT's views and actions, and on that basis denies them. To the extent the allegations set forth in Paragraph 49 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 49 differ from or mischaracterize the documents, they are denied.

50. CWT admits that it has on occasion won bids for customers where it believes that Amex GBT also submitted a bid. CWT lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 50 regarding Amex GBT's bids, and on that basis denies them. To the extent the allegations set forth in Paragraph 50 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 50 differ from or mischaracterize the documents, they are denied.

51. The allegations in the first sentence of Paragraph 51 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the first sentence of Paragraph 51. The allegations in the second sentence of

Paragraph 51 purport to quote from and characterize a CWT document, which is the best evidence of its contents and, therefore, no response is required. To the extent the allegations in Paragraph 51 differ from or mischaracterize the document, they are denied.

52. The allegations in the first sentence of Paragraph 52 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the first sentence of Paragraph 52. CWT denies the allegations in the second sentence of Paragraph 52.

53. CWT denies the allegations in Paragraph 53. To the extent the allegations set forth in Paragraph 53 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 53 differ from or mischaracterize the documents, they are denied.

54. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 54 regarding Amex GBT's valuations, and on that basis denies them. CWT denies the remaining allegations in Paragraph 54.

55. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 55 regarding Amex GBT's views, and on that basis denies them. To the extent the allegations set forth in Paragraph 55 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 55 differ from or mischaracterize the documents, they are denied.

56. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 56 regarding Amex GBT's views, and on that basis denies them. To the extent the allegations set forth in Paragraph 56 seek to quote from or characterize the contents of Amex

GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 56 differ from or mischaracterize the documents, they are denied.

57. The allegations in the first sentence of Paragraph 57 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the first sentence of Paragraph 57. CWT denies the allegations in the second sentence of Paragraph 57. CWT lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 57 regarding Amex GBT's practices and projections, and on that basis denies them. To the extent the allegations set forth in Paragraph 57 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 57 differ from or mischaracterize the documents, they are denied.

58. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 58, including those regarding Amex GBT's intentions, and on that basis denies them.

59. CWT denies the allegations set forth in Paragraph 59. To the extent the allegations set forth in Paragraph 59 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 59 differ from or mischaracterize the documents, they are denied.

60. CWT denies the allegations set forth in Paragraph 60. The allegations in the third sentence of Paragraph 60 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the third sentence of Paragraph 60.

61.     CWT admits that it announced a non-exclusive partnership with Spotnana in July 2023. CWT denies the remaining allegations set forth in Paragraph 61. To the extent the allegations set forth in Paragraph 61 seek to quote from or characterize the contents of Amex GBT documents or statements, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 61 differ from or mischaracterize the documents, they are denied.

62.     CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 62 regarding Amex GBT's plans, and on that basis denies them. CWT denies the remaining allegations in Paragraph 62.

63.     CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 63 regarding customer perceptions, and on that basis denies the allegations in Paragraph 63. To the extent the allegations set forth in Paragraph 63 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 63 differ from or mischaracterize the documents, they are denied.

64.     CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 64 regarding Amex GBT's actions, and on that basis denies them. To the extent the allegations set forth in Paragraph 64 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 64 differ from or mischaracterize the documents, they are denied.

65.     CWT denies the allegations in Paragraph 65. To the extent the allegations set forth in Paragraph 65 seek to quote from or characterize the contents of CWT documents, which

are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 65 differ from or mischaracterize the documents, they are denied.

66. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 66, and on that basis denies them.

67. CWT lacks knowledge or information sufficient to respond to the allegations in Paragraph 67, and on that basis denies them. To the extent the allegations set forth in Paragraph 67 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 67 differ from or mischaracterize the documents, they are denied.

68. CWT admits that it has supported the incorporation of new distribution capability content into customers' travel programs, in part, through its partnership with Spotnana. CWT denies the remaining allegations set forth in Paragraph 68. To the extent the allegations in Paragraph 68 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 68 differ from or mischaracterize the documents, they are denied.

69. CWT denies the allegations set forth in Paragraph 69. To the extent the allegations in Paragraph 69 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 69 differ from or mischaracterize the documents, they are denied.

70. CWT admits that some customers asked CWT to withdraw bids after the proposed acquisition was publicly announced. CWT denies the remaining allegations set forth in Paragraph 70. To the extent the allegations in Paragraph 70 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is

required. To the extent the allegations in Paragraph 70 differ from or mischaracterize the documents, they are denied.

71. CWT denies the allegations in Paragraph 71.

72. The allegations in the first sentence of Paragraph 72 are legal conclusions and therefore do not require a response. To the extent that a response is required, CWT denies the allegations in the first sentence of Paragraph 72. CWT denies the remaining allegations in Paragraph 72.

73. CWT admits that it generated both positive cash flow and positive EBITDA in 2019, its 2019 EBITDA was higher than its 2018 EBITDA, it filed for bankruptcy on November 11, 2021, it exited bankruptcy on November 12, 2021, and it engaged in a recapitalization in 2023. CWT denies the remaining allegations set forth in Paragraph 73.

74. CWT admits that the number of transactions and total transaction volume that it managed increased from 2022 to 2023 and that it projected positive adjusted EBITDA for 2024. CWT denies the remaining allegations set forth in Paragraph 74. To the extent the allegations in Paragraph 74 seek to quote from or characterize the contents of Amex GBT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 74 differ from or mischaracterize the documents, they are denied.

75. CWT lacks knowledge or information sufficient to form a belief as to what constitutes "stood by", and on that basis denies the allegations set forth in the first sentence in Paragraph 75. To the extent the allegations in Paragraph 75 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 75 differ from or mischaracterize the documents, they are denied.

76. CWT admits that the owner of a travel technology company submitted a non-binding term sheet in the fall of 2023, and that at least one other company discussed a potential acquisition with CWT. CWT lacks knowledge or information sufficient to form a belief as to what constitutes "multiple alternative options", and on that basis denies the allegations set forth in the first sentence of Paragraph 76. CWT denies the remaining allegations set forth in Paragraph 76. To the extent the allegations in Paragraph 76 seek to quote from or characterize the contents of CWT documents, which are the best evidence of their contents, no response is required. To the extent the allegations in Paragraph 76 differ from or mischaracterize the documents, they are denied.

77. CWT admits that Plaintiff purports to take the actions stated in the first sentence of Paragraph 77. CWT denies that it has violated or will violate Section 7 of the Clayton Act, and denies that Plaintiff is entitled to relief of any kind. The allegations in the second sentence of Paragraph 77 are legal conclusions and therefore do not require a response. To the extent a response is required, CWT does not challenge the jurisdiction of the Court at this time. To the extent that Paragraph 77 asserts any factual allegations, CWT denies these allegations.

78. The allegations in the first sentence of Paragraph 78 are legal conclusions and therefore do not require a response. To the extent a response is required, CWT admits that it is engaged in interstate commerce and in activities substantially affecting interstate commerce. With respect to the second sentence of Paragraph 78, CWT admits that it provides business travel management services to corporations located throughout the United States and around the globe, and that the services that CWT provides are intended to facilitate domestic and international travel by those customers' employees.

79. The allegations in the first sentence of Paragraph 79 are legal conclusions and therefore do not require a response. To the extent a response is required, CWT admits the first sentence of Paragraph 79. CWT admits the third sentence of Paragraph 79. CWT lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 79, and on that basis denies the allegations in the second sentence of Paragraph 79.

80. CWT reasserts and incorporates its responses to Paragraphs 1 through 79 above as if set forth fully herein.

81. The allegations in Paragraph 81 are legal conclusions and therefore do not require a response. To the extent a response is required, CWT denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 are legal conclusions and therefore do not require a response. To the extent a response is required, CWT denies the allegations in Paragraph 82.

83. CWT denies that the Plaintiff is entitled to the requested, or any other, relief, and denies the remaining allegations in Paragraph 83.

## OTHER DEFENSES

CWT asserts the following defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion that it would otherwise not bear under applicable law. CWT has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action. CWT reserves the right to supplement its defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought is contrary to the public interest.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege any relevant antitrust product or services market.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege any relevant antitrust geographic market.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege any harm to competition or consumers.

## SIXTH AFFIRMATIVE DEFENSE

There will be no harm to competition, consumers, or consumer welfare because there is, and will continue to be, entry and expansion by competitors, which is timely, likely, and sufficient.

## SEVENTH AFFIRMATIVE DEFENSE

Consumers have the ability to ensure that they will receive competitive pricing and terms notwithstanding the transaction.

## EIGHTH AFFIRMATIVE DEFENSE

The proposed acquisition is procompetitive and will result in substantial cognizable merger-specific efficiencies, cost-synergies and other procompetitive effects that will greatly benefit customers. These benefits greatly outweigh any alleged anticompetitive effects.

## NINTH AFFIRMATIVE DEFENSE

The post-transaction market shares and Herfindahl-Hirschman Index ("HHI") calculations alleged in the Complaint overstate current and future competition between the parties, the competitive effects of the proposed acquisition, and any alleged harm.

**TENTH AFFIRMATIVE DEFENSE**

CWT asserts the failing firm defense in rebuttal to the Plaintiff's prima facie case. For this reason, among others, the proposed acquisition is procompetitive and will directly benefits companies seeking business travel management services.

Dated: Washington, D.C.
       March 11, 2025

/s/ Michael F. Murray
Michael F. Murray (*pro hac vice*)
Ryan Phair (*pro hac vice*)
Craig Y. Lee (*pro hac vice*)
Alexandra Glazer (*pro hac vice*)
Hasan Siddiqui (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street N.W.
Washington, DC 20036
Telephone: (202) 551-1730
Facsimile: (202) 551-0230
Email: michaelmurray@paulhastings.com
Email: ryanphair@paulhastings.com
Email: craiglee@paulhastings.com
Email: alexglazer@paulhastings.com
Email: hasansiddiqui@paulhastings.com

*Counsel for Defendant CWT Holdings, LLC.*