**PAUL HASTINGS**

1(202) 551-1730
michaelmurray@paulhastings.com

March 13, 2025

**VIA ECF**

Hon. Gary Stein
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    United States of America v. Global Business Travel Group, Inc. and CWT Holdings, LLC, No. 1:25-cv-00215**

Dear Judge Stein:

     CWT Holdings, LLC ("CWT") opposes Plaintiff's March 10, 2025 letter motion asking the Court to compel CWT to unredact further a highly confidential document that CWT filed on February 20, 2025 (hereinafter referred to as "Exhibit A"). Dkt. 70. Exhibit A is a confidential submission that CWT made to the United Kingdom's Competition and Markets Authority ("CMA") on January 23, 2025, in connection with the CMA's review of CWT's anticipated acquisition by Global Business Travel Group, Inc.[1]

     CWT first filed Exhibit A in this matter under provisional seal on January 29, 2025, in support of Defendants' Motion for Reconsideration regarding an expedited case management conference. Dkt. 29-1. Concurrently, CWT filed a letter motion to seal Exhibit A in its entirety or, in the alternative, to strike Exhibit A from the record, upon explaining therein that public disclosure of the material would cause such immediate and irreparable harm to CWT as to not warrant consideration in support of Defendants' reconsideration motion. Dkt. 30. On February 13, 2025, Judge Marrero denied Defendants' Motion for Reconsideration and noted that he did not consider Exhibit A because the document was not "previously presented to the Court." *See* Dkt. 49 at 3-4 (internal citation and quotation omitted). In the same order, Judge Marrero denied CWT's motion to seal Exhibit A in its entirety, and instead ordered CWT to refile Exhibit A with "narrowly tailored redactions in compliance with this Order and the Stipulated Protective Order." Dkt. 49 at 10. In compliance with the Court's Order and the procedure defined in the Stipulated Protective Order, Dkt. 38 ¶50, CWT re-filed Exhibit A with narrowly tailored redactions on

---

[1] As stated in CWT's Letter Motion to Seal Exhibit A, Dkt. 30, the CMA granted the utmost confidential protections over the document as the CMA carried out its separate review and eventual clearance of the transaction at issue in this present lawsuit.

PAUL
HASTINGS

Hon. Gary Stein
March 13, 2025
Page 2

February 20, 2025. Dkt. 56-1. Nearly two weeks later, Plaintiff has moved to compel CWT to unredact Exhibit A further despite no indication from Judge Marrero to intervene and do so.

Under Second Circuit precedent, sealing is justified when countervailing factors or values outweigh the presumption of the public right of access, which itself varies in magnitude.[2] Here, the presumption of public access to the remaining redactions in an attachment filed in support of a motion concerning a preliminary, non-substantive request for an expedited case management conference—which Judge Marrero explicitly stated he did not consider in his ruling on that motion—is significantly outweighed by the harm to CWT. Precisely "[i]n cases of unusual scope and complexity, [] broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause."[3] Even if certain language in Exhibit A resembles CWT's affirmative defenses, Exhibit A does not raise any defenses or litigate the merits of this case, and any such or related incremental disclosure would materially harm CWT. In summarily concluding that CWT's redactions are not "justified under Second Circuit Law," Dkt. 65 at 1, Plaintiff articulates no reason to justify the presumption of public access to a document that was not even considered in Defendants' preliminary scheduling request. Instead, Plaintiff does no more than opine that CWT has not met its burden without identifying why the public should have access to the remaining contents of Exhibit A at this juncture.

One factor that weighs strongly against any such public interest in disclosure is the need to protect the sensitive financial information of "a privately held business, not previously disclosed to the public."[4] Similarly, courts in this district frequently find that forward-looking business information merits sealing when it would "provide valuable insights into a company's current business practices that a competitor would seek to exploit,"[5] and more generally, "sources of business information that might harm a litigant's competitive standing."[6] Here, the residual material that remains under seal in Exhibit A is precisely what courts seek to protect from public disclosure: financial information of a privately-held, customer-facing business and CWT's forward-looking projections, plans, strategies, and characterizations of its own structure and competitive position. The disclosure of this information would directly and irreparably impact CWT's business, as competitors will weaponize the information in their attempt to impair CWT's customer retention, ability to win new business, and cooperate effectively with the

---

[2] *Lugosch v. Pyramid Co. of Onondoaga*, 435 F.3d 110, 119–20 (2d Cir. 2000).
[3] *In re Terrorist Attacks on Sept. 11, 2001,* 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (citing *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 148 (2d Cir. 1987)).
[4] *See Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, 2024 WL 1743109, at *9 (S.D.N.Y. Apr. 23, 2024).
[5] *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).
[6] *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).



suppliers (i.e., airlines and hotels) and other stakeholders necessary to deliver travel services. Customers in this industry are sophisticated, view their travel programs as strategic to their business, and monitor their travel provider's performance and capability. They also have the power to freely switch providers to one of many aggressive competitors and use all available information in their decision making. Thus, any hint of instability, including seemingly subjective characterizations of CWT or its competitive position, would erode customer confidence and have negative impacts.[7] Any further disclosure of Exhibit A, which CWT has already narrowly redacted, would materially harm CWT.

      Further, Exhibit A has been granted the highest confidential protections by the CMA. Plaintiff claims that this Court need not defer to the CMA's protections, but CWT has never argued that they are binding. Rather, CWT cites the CMA's confidential treatment as a reference to the protections provided by the regulatory body to whom Exbibit A was originally submitted.

      Plaintiff's Motion should also be denied because it is improper under the Protective Order, Dkt. 38, in which the parties already agreed to a specific procedure governing the denial of a motion to seal. Under the Protective Order, when a party's motion to seal its own documents is denied, that party has four options: (1) file a renewed motion to seal; (2) file "a redacted version of the document on the public docket, provided that the redactions are consistent with the Court's order denying the motion to seal"; (3) file "an unredacted version of the document on the public docket,"; and (4) strike the document from the record. Dkt. 38 ¶50. Here, after CWT's motion to seal was denied, CWT filed a redacted version of Exhibit A pursuant to the Protective Order and Judge Marrero's February 13, 2025 Order. Neither Judge Marrero's Order nor the Protective Order provides Plaintiff standing to challenge CWT's redactions, as Plaintiff is neither the designating nor the filing party for Exhibit A. *Id*.

      CWT has already dedicated dozens of hours of senior executive time to meticulously balance any public interest in disclosure with the need to shield CWT's sensitive operational and financial information through the narrowed redactions to Exhibit A it filed on February 20, 2025. Any further substantiation of the harm from additional disclosure of Exhibit A would itself bring about the very harm to CWT's operations discussed herein. Nevertheless, if the Court desires, CWT is prepared to provide additional information through a confidential evidentiary hearing. In the alternative, if the Court finds that CWT's redactions to Exhibit A, Dkt. 56-1, are not sufficiently narrowly tailored, CWT respectfully requests that Exhibit A be stricken from the record—consistent with the Protective Order. Dkt. 38 ¶50.

---

[7] *Id*. (noting business information that warrants sealing is that of which publication would harm a business's competitive standing); *see also Louis Vuitton*, 97 F. Supp. at 511 (redacting "advertising expenditures and plans" and "merchandising strategies, policies and sales").



Hon. Gary Stein
March 13, 2025
Page 4

Sincerely,

*/s/ Michael F. Murray*

Michael F. Murray
of PAUL HASTINGS LLP