UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,                           :
                                                    :
                                Plaintiff,          :          **25 Civ. 215 (VM) (GS)**
                                                    :
                   - against -                      :                   **ORDER**
                                                    :
GLOBAL BUSINESS TRAVEL GROUP,                       :
INC. and CWT HOLDINGS, LLC,                         :                                        :
                                                    :
                                Defendants.         :
--------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On February 13, 2025, the Honorable Victor Marrero denied a motion by

Defendant CWT Holdings, LLC ("CWT") to file under seal, in its entirety, a

document submitted in support of Defendants' Motion for Reconsideration of the

Court's January 24, 2025 Order Denying Defendants' Letter Motion Requesting an

Expedited Case Management Conference.  (Dkt. No. 49 at 7-10; *see* Dkt. No. 30).

Judge Marrero directed CWT to file the document with "narrowly tailored

redactions" on the public docket.  (Dkt. No. 49 at 10).  CWT filed a redacted version

of the document on February 20, 2025.  (Dkt. No. 56).

On March 10, 2025, the Government filed a letter-motion objecting to CWT's

redactions as not being sufficiently "narrowly tailored" or adequately justified under

Second Circuit law.  (Dkt. No. 71).[1]  The Government seeks to compel CWT to file a

---

[1] The Government initially filed its letter-motion, addressed to Judge Marrero, on March 5, 2025.
(Dkt. No. 66).  On March 10, 2025, Judge Marrero terminated that motion and directed the parties to
address this matter to the undersigned, to whom this case has been referred for general pretrial
supervision.  (Dkt. Nos. 67 & 68).

1

more narrowly redacted version of the document in question consistent with the Government's proposed redactions.  (*Id*.).  CWT responded to the Government's letter on March 13, 2025, defending its redactions in their entirety.  (Dkt. No. 74).

After considering the parties' submissions and the applicable case law, the Court now **GRANTS** in part and **DENIES** in part both CWT's motion to seal and the Government's motion to compel.

## LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents."  *Collado v. City of N.Y.*, 193 F. Supp. 286, 288 (S.D.N.Y. 2016).  "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted).  As a result, motions to seal must be "carefully and skeptically review[ed]" in order to "insure that there really is an extraordinary circumstance or compelling need" to seal the document from public inspection.  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  "'The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.'"  *Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.,* 2024 WL 1743109, at *7 (S.D.N.Y. Apr. 23, 2024) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

"The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches."  *Forbes*, 2024 WL 1743109, at *8.

First, the court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Logosch*, 435 F.3d at 119. Second, if the documents are judicial documents, the court must determine the weight of the presumption of access. *Id.* Third, the court must balance "competing considerations" against the weight of the presumption of access. *Id.* at 120 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)).

In particular, notwithstanding the presumption of public access to judicial documents, "courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). "'[D]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.'" *Forbes*, 2024 WL 1743109, at *9 (quoting *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15 Civ. 8681 (GBD) (BCM), 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016)). "This is particularly true where revelation of 'specific business information and strategies . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Id.* (quoting *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 484, 511 (S.D.N.Y. 2015)).

However, the fact that disclosure of business documents "might result in adverse publicity" does not itself warrant sealing. *Parmalat*, 258 F.R.D. at 244. "The party opposing disclosure must make a particular and specific demonstration

3

of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.*; *see also Kim v. BTG Pactual Asset Mgmt. US, LLC*, No. 22 Civ. 3547 (RA), 2022 WL 4115955, at *2 (S.D.N.Y. Sept. 9, 2022) (a "generalized concern of negative reaction" to disclosure of a party's business practices does not outweigh the presumption of access) (citation omitted).

## DISCUSSION

The sole document in question is a submission made by CWT to the United Kingdom's Competition and Markets Authority ("CMA"), dated January 23, 2025, concerning the proposed acquisition of CWT by Defendant Global Business Travel Group, Inc. ("AMEX GBT"). (Dkt. No. 56-1 (the "CMA Submission")). The CMA Submission was attached as Exhibit A to a declaration from counsel in support of Defendants' January 29, 2025 motion for reconsideration of Judge Marrero's Order dated January 24, 2025 denying Defendants' motion for an expedited case management conference. (Dkt. No. 29-1). Entitled "CWT's Supplemental Submission on Its Financial Challenges and the Impact on the Business," the CMA Submission states on its opening page that "[t]his submission . . . contains business secrets and is confidential" and that "[p]ublication or disclosure of such information would harm the legitimate business interests of the parties." (Dkt. No. 56-1 at 3-4).

The CMA Submission contains 29 separately numbered paragraphs (beginning with 1.1 and ending with 4.4), organized under 11 separate headings and sub-headings (collectively, "headings"). CWT proposes at least partial redactions to

all but one of the 29 paragraphs and all but three of the 11 headings (two of the exceptions being "Introduction" and "Conclusion"). (Dkt. No. 56-1). The Government objects to some or all of CWT's redactions in 22 of the numbered paragraphs and in four of the headings. (Dkt. No. 66-1).

## A.  First Step: Judicial Document

It is undisputed, and Judge Marrero's February 13, 2025 Order already determined, that the CMA Submission is a "judicial document" as it was submitted to the Court in support of Defendants' motion for reconsideration. (Dkt. No. 49 at 9).

## B.  Second Step: Weight of Presumption

In his February 13, 2025 Order, Judge Marrero determined that the presumption of public access for the CMA Submission should be afforded "substantial weight." (Dkt. No. 49 at 9). In so doing, Judge Marrero rejected CWT's argument that the strength of the presumption was more limited because the document "has minimal value to the merits of this case and is only relevant to the motion for reconsideration." (*Id*.). He noted that "many of CWT's representations to the CMA in Exhibit A mirror defenses Defendants intend to invoke in this litigation." (*Id*.).

CWT suggests that, in evaluating its proposed redactions, the presumption of public access should be accorded less weight because "Judge Marrero explicitly stated he did not consider [the CMA Submission] in his ruling" on Defendants' motion for reconsideration. (Dkt. No. 74 at 2; *see* Dkt. No. 49 at 4-5 & 8 n.1). The

Court rejects this argument. The Second Circuit has specifically rejected the proposition that "different types of documents might receive different weights of presumption based on the extent to which they were relied upon [by the court] in resolving the motion." *Lugosch*, 435 F.3d at 123. "'If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Id.* (quoting *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D. Cal. 1984)) (emphasis in original). Thus, the fact that Defendants used and relied on the redacted information in support of their motion for reconsideration itself means that the presumption of access should be accorded substantial weight, as Judge Marrero found.

That said, now that CWT has filed a redacted version of the CMA Submission and the question is what weight should be accorded the presumption of access to the redacted portions of the document (rather than the document as a whole), a more nuanced weight assessment is warranted. In their reconsideration motion, CWT focused on 13 specific paragraphs in the CMA Submission in arguing that an earlier trial date was necessary to avoid "manifest injustice." (Dkt. No. 28 at 4 (directing the Court's attention to CMA Submission ¶ 1.1 (second and third sentences); ¶ 1.2 (last sentence); ¶ 1.4(a), (b); ¶ 1.5; ¶ 2.1 (third, fourth, and fifth sentences); ¶ 2.2 (third and fourth sentences); ¶ 2.3; ¶ 2.4 (last sentence); ¶ 2.7 (first sentence); ¶ 3.1; ¶ 3.2; ¶ 3.7 (first and second sentences); ¶ 3.8)). As "the weight to be given the

presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), the presumption of access is strongest as to those portions of the CMA Submission which CWT relied upon and drew the Court's attention to. Conversely, on the "continuum" of information ranging from "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," *id.*, the presumption carries less weight with respect to the remaining portions of the CMA Submission upon which CWT did not specifically rely. *See id.* at 1050 (where documents "play only a negligible role in the performance of Article III duties, the weight of the presumption is low").

## C.  Balancing of Considerations

The Court begins by examining CWT's redactions, and the Government's objections to those redactions,[2] in the 13 paragraphs of the CMA Submission upon which Defendants relied in their motion for reconsideration.

The Government asserts no objections to CWT's proposed redactions in five of those 13 paragraphs (¶¶ 2.7, 3.1, 3.2, 3.7 & 3.8).  The Court has reviewed the proposed redactions and agrees that the redactions pertain to specific financial and

---

[2] CWT argues that the Government lacks "standing" to challenge CWT's proposed redactions because the Government is neither the designating nor the filing party for the CMA Submission.  (Dkt. No. 74 at 3).  This argument is insubstantial.  The Court has an independent obligation to determine that CWT's redactions are proper, and it welcomes the Government's input in this endeavor.  *See Allstate Ins. Co. v. Warns*, Civil No. CCB-11-1846, 2012 WL 681792, at \*17 (D. Md. Feb. 29, 2012) (rejecting similar standing argument and noting that "[w]hether a party opposes the motion [to seal] or not, the court considers whether the presumption of open access has been overcome").

other confidential business information, including historical and projected financial results, the disclosure of which could be reasonably expected to result in competitive harm. Accordingly, this information was properly redacted.

With respect to the eight other paragraphs, the Court finds that CWT has met its burden of showing that the risk of competitive harm outweighs the strong interest in public access as to certain of the redactions, but not as to others. The Court has not disturbed CWT's redactions of specific financial data or discussion of its business strategies, operational trends, or forward-looking analyses (to which the Government generally has not objected either). Nor, despite the Government's objections, does the Court require CWT to unredact characterizations of financial or business results even when no numbers are used. In these respects CWT's redactions protect confidential business information that, if disclosed, could "provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton*, 97 F. Supp. 3d at 511.

The Government seeks to unredact additional information on the ground that CWT has publicly disclosed that it is asserting a "failing firm" defense under antitrust law. (Dkt. No. 66 at 1 & n.1). Since the filing of the Government's letter, CWT filed its Answer in this case on March 11, 2025, which explicitly "asserts the failing firm defense." (Dkt. No. 72 at 19 (Tenth Affirmative Defense)). The Court agrees that references to a "failing firm" defense in the CMA Submission can no longer be viewed as confidential or as posing a risk of competitive harm to CWT that outweighs the presumption of access. (See Dkt. No. 49 at 9 (noting public

8

interest in statements that "mirror defenses Defendants intend to invoke")).  The Court disagrees, however, with the Government's position that statements in the CMA Submission that, in the Government's view, "correspond with the requisite elements of a failing firm defense" (Dkt. No. 66 at 1 & n.2) must be unredacted.  The contours of Defendants' failing firm defense have not been fleshed out yet, and otherwise confidential factual business information that may result in competitive harm need not be disclosed at this stage of the litigation.

Numerous other statements redacted by CWT, however, are too general to threaten genuine competitive harm that would outweigh the strength of the presumption of access.  CWT may be concerned that disclosure of those statements could lead to negative publicity for CWT; but that is not a sufficient justification for sealing.  *See Parmalat*, 258 F.R.D. at 244.  Broad and conclusory assertions by CWT that all of the redacted material is "sensitive information" that CWT "keeps closely guarded" and that disclosure of the material "would cause immediate and irreparable harm to CWT" (Dkt. No. 56 at 2) do not help CWT carry its burden.  *See Parmalat*, 258 F.R.D. at 244.

The following table identifies the portions of these paragraphs that must be unredacted (redacted information not addressed in the table may remain redacted):

| Paragraph | Sentence | Ruling |
|-----------|----------|--------|
| ¶ 1.1 | First sentence | Unredact redacted word |
| ¶ 1.1 | Third sentence | Unredact redacted phrase |

| ¶ 1.2 | First sentence | Unredact all redacted content except word that Gov't does not object to and adjective that appears five words later |
|---|---|---|
| ¶ 1.2 | Second sentence | Unredact all redacted content including word that Gov't does not object to |
| ¶ 1.4(a) | Second sentence | Unredact adjective before the words "financial challenges" |
| ¶ 1.4(a) | Third sentence | Unredact last four words of sentence except for the third-to-last word which may remain redacted |
| ¶ 1.4(a) | Fourth sentence | Unredact redacted phrase |
| ¶ 1.4(b) | Second sentence | Unredact words Gov't objects to |
| ¶ 1.4(b) | Third sentence | Unredact phrase Gov't objects to |
| ¶ 1.5 | First sentence | Unredact four words at end of sentence that Gov't objects to |
| ¶ 1.5 | Second sentence | Unredact two words after "CWT is"(the first time "CWT is" appears in the sentence) |
| ¶ 1.5 | Third sentence | Unredact word Gov't objects to |
| ¶ 1.5 | Fourth sentence | Unredact content Gov't objects to |
| ¶ 2.1 | Fifth sentence | Unredact sentence (up to the colon) |
| ¶ 2.2 | Second sentence | Unredact adjective before phrase "in recent years" |
| ¶ 2.2 | Fourth sentence | Unredact six words appearing after "It is very likely that" |
| ¶ 2.4 | First sentence | Unredact redacted content which Gov't objects to |
| ¶ 2.4 | Third sentence | Unredact all redacted content except the phrase the Gov't does not object to |
| ¶ 2.4 | Fourth sentence | Unredact entire sentence |

Turning to the headings that CWT has redacted, the Court agrees that the four headings as to which the Government has asserted no objection have been properly redacted.  With respect to the remaining four headings, the Court, applying the principles set forth above, orders that CWT (1) must unredact the redacted words in the heading on page 3; (2) may properly redact the redacted content in the heading near the bottom of page 4; (3) must unredact the redacted word in the heading on page 6; and (4) may properly redact the redacted content in the heading on page 7.

As noted above, the Court's scrutiny of the other numbered paragraphs of the CMA Submission is less exacting because Defendants did not specifically rely on them in their motion for reconsideration and hence the public interest in learning the contents of the redacted material is diminished.  Nonetheless, the Court directs that the following information be unredacted: (1) the first redacted word in the last sentence of ¶ 3.3; (2) the redacted word in the first sentence of ¶ 3.4; (3) the redacted information in footnotes 30 and 31 on page 6; (4) the redacted information in ¶ 4.1 on page 7 (the remaining redactions in that paragraph on the top of page 8 may be maintained); (5) the first six words of the fourth sentence of ¶ 4.3; and (6) the first word of the third sentence of ¶ 4.4.

Finally, CWT requests, in the alternative, that if the Court finds that CWT's redactions are not sufficiently narrowly tailored, then the CMA Submission should be "stricken from the record."  (Dkt. No. 74 at 3).  CWT made the same request in the alternative to "strike [the CMA Submission] from the record" in its initial

motion to seal.  (Dkt. No. 30 at 1).  Judge Marrero rejected that request and instead ordered CWT to refile the document with narrowly tailored redactions.  (Dkt. No. 49 at 8-9).  For the reasons discussed above, the Court has determined that CWT's redactions were, in certain respects, not narrowly tailored enough.  CWT must now refile the CMA Submission with proper redactions.  Having brought the CMA Submission to Judge Marrero's attention and urged him to take judicial action based on it, CWT is not entitled to retract the document altogether.  There are no "backsies" when it comes to motions to seal.[3]

## CONCLUSION

For the reasons set forth above, CWT's motion to seal the portions of the CMA Submission it has redacted, and the Government's motion to compel CWT to file a more narrowly redacted version of the CMA Submission, are both **GRANTED** in part and **DENIED** in part.  CWT shall refile the CMA Submission with redactions in accordance with this Order by **Thursday, April 17, 2025**.

**SO ORDERED.**

DATED:     New York, New York
           April 10, 2025

_____

GARY STEIN
United States Magistrate Judge

---

[3] CWT also suggests that the Court can conduct a "confidential evidentiary hearing" to allow CWT to present additional information in support of its requested redactions.  (Dkt. No. 74 at 3).  The Court does not believe any such hearing is necessary or appropriate, particularly given the limited material that it is directing CWT to unredact in this Order.  CWT has already had ample opportunity to make its case for why its proposed redactions satisfy the applicable legal standard.