April 17, 2025

**VIA ECF**
The Honorable Gary Stein
United States Magistrate Judge
500 Pearl Street, Courtroom 9A
New York, NY 10007

      Re:      *United States v. Global Business Travel Group, Inc., et al.*, 1:25-cv-00215-VM

Dear Judge Stein:

      On March 31, 2025, the Parties exchanged preliminary witness lists pursuant to the schedule in the Civil Case Management Plan and Scheduling Order, ECF No. 63 ("the CMO"). The United States identified 25 individuals on its list. Defendants, however, identified only eight individuals, consisting of seven of their employees and one employee of the investment bank engaged by Defendant CWT Holdings, LLC, in connection with the proposed acquisition. For the remaining 17 witnesses, Defendants provided only company names, without identifying an individual whose documents can be collected and who can be called to testify. The next day, the United States wrote to Defendants expressing its concern that the lack of names would make discovery on the expedited case schedule impracticable. After multiple exchanges, Defendants eventually agreed to provide their "best guesses" as to (at least some of) these individuals on April 18—nearly three weeks after they were originally due. However, Defendants did not commit to providing names of individuals associated with all third parties on their preliminary list. Defendants also reserved the right to substitute new names for all 17 third parties on their final list, *in addition to* the six fact witnesses whom they may add to the final witness list under Paragraph 19(B) of the CMO. This approach effectively allows Defendants to redo their entire witness list after the close of fact discovery.

      Defendants' delay in providing individuals' names and their refusal to commit to those names for over two-thirds of their preliminary list prejudices the United States' ability to conduct discovery on the condensed schedule contemplated by the CMO. It also threatens to burden third parties with overbroad discovery of employees who may not be called to testify in this action. Accordingly, the United States respectfully requests that the Court order that (1) Defendants provide the names of specific individuals for their preliminary list no later than May 1; and (2) any substitutions after that date count as one of the six adds allowed under the CMO. Because resolution of this issue is critical to completing discovery on time, the United States also requests a status conference with the Court at its earliest convenience concerning this dispute.

**I.**      **Defendants' Failure to Identify Specific Individuals Prejudices the United States' Ability to Conduct Discovery and Burdens Third Parties**

      This case will go to trial just under eight months after the filing of the complaint. With limited exceptions, all of fact discovery—including document productions and depositions from the Parties and non-parties—must be completed in just three months total. Defendants' decision to withhold the names for 17 of the 25 witnesses on their preliminary list—more than two-thirds

of the entire list and virtually every third party—undermines efforts to adequately prepare this case for trial.

Defendants' approach creates numerous practical problems. For example, the United States has issued subpoenas to third parties on Defendants' witness list and is attempting to negotiate compliance with those subpoenas. Those negotiations cannot be concluded unless the United States knows which witness's documents are at issue. And even if Defendants do provide their "guesses" for all 17 witness names on April 18 and the United States obtains documents for *those* witnesses, Defendants have claimed the right to change course on effectively *every single third-party witness* on their final witness list, forcing the United States and third parties to reopen negotiations to obtain the relevant documents for these newly named witnesses and to take up to 17 additional depositions of those new third-party witnesses. Each of these problems prejudices the United States and unnecessarily burdens third parties.

The sheer breadth of Defendants' failure to provide individual names compounds these problems. Defendants have stated that any changes to the names of the 17 third parties on their list do not count as one of their six adds under the CMO. Thus, between identifying specific individuals for the 17 entities on their witness list and the six adds permitted under the CMO, Defendants could conceivably unveil a list of 20 brand-new individual names on their final list, requiring all discovery relating to those individuals to occur during the supplemental fact discovery period. That period, which lasts between June 4 and June 30, was designed to accommodate only the depositions of the six witness adds by each side to their final list. This timing is challenging already; the Parties have less than four weeks to obtain documents from and depose any new witnesses identified on June 4. It becomes unworkable under Defendants' approach, under which the Parties could be taking more than twenty additional depositions.[1]

## II. Defendants Cannot Justify Their Approach

The United States anticipates Defendants will argue that they cannot identify the names of specific individuals with any certainty absent discovery from third parties. That is simply not true. Eight companies on Defendants' preliminary list are customers. As two of the three largest providers of business travel management services, one or both of Defendants typically participate in requests for proposals ("RFPs") issued by customers, including the companies that appear on Defendants' list. Those RFPs often require one-on-one negotiations between Defendants and the customers. Defendants are thus in many instances well aware of individuals likely to possess relevant information. As for individuals from Defendants' nine competitor witnesses, Defendants, as market participants, have many ways to identify witnesses, including through trade associations, publications, and participation in RFPs against these companies.

Beyond industry experience, Defendants have still other ways to identify these individuals. For example, Defendants could have begun identifying potential witnesses through informal conversations with counsel for those companies as soon as the complaint was filed. Defendants also had the same ability as the United States to issue Rule 45 subpoenas for

---

[1] The problems do not end there. The trial schedule contains a series of tight deadlines—including initial expert reports on June 19 and rebuttal reports on July 11—that become more impractical if the supplemental discovery period includes a large amount of new discovery.

documents and testimony and to discuss the identity of relevant individuals with third parties. But rather than seek this information as soon as the Court entered the CMO, Defendants waited more than two weeks before issuing their first Rule 45 subpoenas.[2]

The United States offered two compromises to address Defendants' concerns. First, the United States proposed that, if Defendants provided names on April 18, Defendants could have two additional adds (for a total of eight) on their final list—enabling them to change effectively half of all the third-party names from their preliminary list. The United States then offered another option: Defendants provide an initial set of names on April 18, but they could swap those names until May 1, after which time any changes would count as adds. Both alternatives would have achieved the practical goal of allowing the United States to schedule depositions for the individuals on Defendants' preliminary witness list during fact discovery, while also giving Defendants additional time to identify their witnesses. Defendants refused both proposals, insisting upon the ability to add new names for all 17 third parties until June 4.

Defendants have argued that their list is consistent with practice in other cases, including *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.). However, the *Google* case undermines Defendants' arguments. There, the United States initially named 16 "representative" witnesses. When Google objected, the court ordered the United States to provide the names of its individual witnesses within 14 days—more than two months before the close of fact discovery. *See* Order at 2, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Nov. 26, 2024), ECF No. 1077 (ordering the United States to provide individual names by December 10, 2024); Order at 2, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Sept. 18, 2024), ECF No. 1043 (setting the close of fact discovery on February 28, 2025); Tr. at 32, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Nov. 26, 2024), ECF No. 1081. When the United States proposed to identify names on a rolling basis, as Defendants did here, that court rejected the proposal, holding that a hard deadline well in advance of the close of fact discovery was necessary. *See* Tr. at 34–35, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Nov. 26, 2024), ECF No. 1081. The same result is appropriate here.

**III.    Conclusion**

The Parties have met and conferred concerning this dispute, including an initial email on April 1, a telephone conference on April 1, and substantive written exchanges on April 3, 8, 14, 15, and 16, but the Parties have been unable to reach resolution. The United States respectfully requests that the Court order that (1) Defendants provide the names of specific individuals for their preliminary list no later than May 1; and (2) any substitutions after that date count as one of the six adds allowed under the CMO. Given the time-sensitive nature of this issue and its impact on discovery, the United States requests a status conference at the Court's earliest convenience.

---

[2] The United States expects Defendants may argue that the United States has an advantage due to its ability to issue pre-complaint compulsory process. However, Defendants have their own information advantages, as evidenced by the hundreds of pages of advocacy submitted to the United States during its investigation. These papers reference many of the same entities appearing on Defendants' preliminary list. Thus, Defendants have been aware for months that they may look to these entities to support their potential defenses.

Respectfully submitted,

/s/ *James L. Moore III*
James L. Moore III
Jeffrey G. Vernon
United States Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Telephone: (202) 805-8413
Facsimile: (202) 616-2441
Email: james.moore4@usdoj.gov

*Counsel for Plaintiff United States of America*