# Exhibit A

## Excerpt of Defendants' 1/20/2025 Revisions to Plaintiff's Proposed Draft CMO

~~1/17/2025~~1/20/2025 DRAFT FOR DISCUSSION PURPOSES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC., and CWT HOLDINGS, LLC,<br><br>    *Defendants*. | Civil Action No.: 1:25-cv-00215-VM<br><br>**[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

  This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16 and 26(f).

  1. This case is not to be tried to a jury.

  2. Defendants have accepted service of the Complaint and have waived service of a summons.

  3. Responsive Pleadings: Defendant Global Business Travel Group, Inc. ("Amex GBT") answered the Complaint on January 14, 2025. Defendant CWT Holdings LLC ("CWT") will answer the Complaint on or before _____, 2025. Amex GBT and CWT shall file any amendments to their answers to the Complaint within the bounds of Fed. R. Civ. P. 15.

  ~~3~~4. Due to the compressed schedule before trial, the Parties have agreed that no motions to dismiss, motions for judgment on the pleadings, or motions for summary judgment will be filed in this action.

  ~~4~~5. Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Acquisition until 12:01 a.m. on the tenth (10th) day following the entry of

Redline Amex GBT-CWT Case Management Order 1.17.25 Draft  and Amex GBT - CWT -- Defs' CMO Mark-up (Clean) 1733077v1 01/21/2025 12:18:07 AM

1

1/17/20251/20/2025 DRAFT FOR DISCUSSION PURPOSES

on **[Plaintiff's Position] August 11, 2025 / [Defendants' Position] May 7, 2025**. The Parties shall exchange objections to counter-objections on **[Plaintiff's Position] August 14, 2025 / [Defendants' Position] May 9, 2025**. The Parties shall meet and confer no later than **[Plaintiff's Position]: August 18, 2025 / [Defendants' Position] May 12, 2025** (and as required thereafter) to engage in good-faith efforts to resolve objections.

2017. **Witnesses**. The Parties shall exchange preliminary trial witness lists by **[Plaintiff's Position]: April 14, 2025, at 5 P.M. EST / [Defendants' Position]: January 27, 2025**. The Parties shall exchange final witness lists no later than **[Plaintiff's Position]: April 21, 2025, at 5 P.M. EST / [Defendants' Position]: April 30, 2025**.

    A.    Each side is limited to **[Plaintiff's Position]** thirty (30**) persons/ [Defendants' Position]: twenty (20**) persons (excluding experts) on their preliminary trial witness list. Both the preliminary trial witness list and theThe final trial witness list must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)-(ii), and must include the name, employer, address, and telephone number of each witness. For the sake of clarity, to comply with this requirement (and the associated requirement relating to final witness lists, below), it shall not be sufficient to list the name of company or other employer of the witness; the individual natural person must be identified by name.

    B.    Each side is limited to **[Plaintiff's Position]** twenty-five (25**)/ [Defendants' Position] fifteen (15**) witnesses (excluding experts) on its final trial witness list. Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial witness list, and this designation shall count against the limit, except that each side can designate depositions from up to five (5) witnesses

Redline Amex GBT-CWT Case Management Order 1.17.25 Draft and Amex GBT - CWT -- Defs' CMO Mark-up (Clean) 1733077v1 01/21/2025 12:18:07 AM

22