April 30, 2025

**VIA ECF**
The Honorable Gary Stein
United States Magistrate Judge
500 Pearl Street, Courtroom 9A
New York, NY 10007

**MEMO ENDORSED**

      Re:    <u>United States v. Global Business Travel Group, Inc., et al.</u>, 1:25-cv-00215-VM

Dear Judge Stein:

After multiple meet and confers following the April 23, 2025 status conference, the Parties have unfortunately been unable to resolve their dispute concerning the United States' letter motion to compel, ECF No. 82. Accordingly, the Parties are submitting with this letter their respective proposed orders resolving the motion to compel: Exhibit A is the United States' proposal and Exhibit B is Defendants' proposal. The Parties respectfully request that the Court enter the order it finds most appropriate.

***The United States' Proposal***. The United States' proposed order, which is built on the foundation of the proposal articulated by Amex GBT's counsel at the status conference, provides the following structure for discovery: (1) Defendants shall provide the individual name of the natural persons testifying on behalf of each of the 14 remaining third parties on their witness list (the "Testifying Individuals") on a rolling basis and no later than May 6; (2) between May 6 and May 20, Defendants may "correct" the name of a Testifying Individual so long as they provide notice of that "correction" seven days prior to the deposition; and (3) after May 20, Defendants may no longer "correct" names absent a showing of good cause. In short, the individual name for each third party on Defendants' preliminary witness list is set once that individual's deposition has been taken, and Defendants' preliminary witness list as a whole is set on May 20—more than a month and a half after it was originally due—absent a showing of good cause.[1] Locking in the individual names on Defendants' preliminary witness list by a date certain is necessary because the only way to count the six allowed "adds" when the final witness lists are exchanged is to compare them against the preliminary witness lists.

By contrast, Defendants' proposed order would allow them to name seven deponents across five third parties, *in addition* to the five names for those third parties that Defendants would be required to provide no later than May 6; depose all of those witnesses; and then decide among those witnesses whom they want to put on the final list. For example, in addition to Individual A, Defendants could identify Individuals B and C of Company X on May 6 (or any date prior to May 20); depose all of those individuals; and then choose among those three whom to put on the final list—and listing any of those individuals would not count as an "add." Rather,

---

[1] The United States originally asked for the preliminary witness list names by April 15 but compromised in its motion by seeking May 1 instead. Following the status conference, the United States further adjusted its position to allow Defendants until May 6 to provide a tentative list and until May 20 to finalize their preliminary witness list. In other words, the United States has compromised by more than an additional month to accommodate Defendants.

Defendants insist that only if they were to list Individual D of Company X, disclosed for the first time on the final list, would that count as one of their six allowed "adds."

Defendants' proposal is inconsistent with the CMO for multiple reasons. It rewrites the limit on the number of witnesses on Defendants' preliminary witness list by effectively giving them 32 spots on their witness list instead of the 25 permitted by the CMO. It multiplies the number of depositions that must be taken during the CMO's compressed fact discovery period. And it increases the burden on each individual third party. Defendants have every incentive under their proposal to notice all seven of the additional depositions because (1) it maximizes the number of "test runs" they get with each third party; and (2) there is no penalty for doing so because the additional depositions would be exempt from the hours cap. And under Defendants' construct, at least one third party faces the prospect of depositions for three different employees, and potentially even more. The United States, likewise, would need to prepare for three different depositions for a single spot on Defendants' preliminary witness list. This presents real prejudice because contrary to Defendants' argument in their opposition brief, ECF No. 88 at 3, the identity of the individual being deposed, not just the company, matters. Different individuals have different backgrounds, different opinions, and different foundations for those opinions. There is not just one set of a "company's facts."[2]

Moreover, this is occurring in the context of repeated scheduling delays by Defendants. For example, as of this letter, Defendants have not provided a single new witness name since April 18, despite the agreement of all Parties that Defendants should be providing names on a rolling basis.[3] In addition, the earliest party deposition date Amex GBT has offered for its own executives is May 13. CWT offered one deposition on May 6 and all other depositions of its executives on May 13 or later. Meanwhile, the United States secured the agreement of one third party to sit for a deposition on May 12 (because the third party is unavailable for the entire latter half of May), but Defendants refused that date, too, claiming they would not have documents in time for the deposition. But Defendants just yesterday issued a new subpoena for that individual's documents—even though his name has been on the United States' preliminary witness list since March 31. In sum, at every opportunity, Defendants have pushed depositions until just the last two weeks of the discovery period. The Parties are therefore facing the prospect, for example, of conducting three depositions on the same day, and these are just depositions of Defendants' executives. Defendants' proposals on witnesses are prejudicing the United States' ability to properly and effectively complete fact and expert discovery and prepare for trial on September 8, 2025.

For the foregoing reasons, the United States respectfully requests that the Court enter the attached Exhibit A.

***Defendants' Proposal***. Despite the Court's guidance given during the April 23 Status Conference, the Parties have reached an impasse regarding a process for identifying third-party

---

[2] Defendants' proposal raises still other issues. For example, under Paragraph 2.B, it is unclear how a corporate deposition, as opposed to an individual deposition, would impact the calculation of "adds" under Paragraph 19 of the CMO.

[3] The United States has independently learned of two potential names for individual third-party witnesses on Defendants' list—but that is because *those third parties*, rather than Defendants, notified the United States.

witnesses in advance of Defendants' final witness list.  As the Court acknowledged, there are significant informational asymmetries that exist between the Parties that make it practically more difficult for Defendants to identify with certainty individuals who can provide information pertinent to the third-party corporate witnesses.  Defendants did not conduct months of pre-Complaint discovery.  Defendants did not interview over 90 third parties before this case started.  Defendants did not have the ability to use pre-Complaint compulsory process on third parties.  Plaintiff has used all of these tools to identify knowledgeable individuals at various third parties, and now, Plaintiff seeks to limit Defendants' ability to identify third party witnesses without Defendants having the benefit of the pre-Complaint discovery that Plaintiffs had *and without the benefit of the ongoing discovery in this litigation, including depositions*.  Defendants' goal all along has been to ensure that Defendants are not unfairly hamstrung because they identified a witness on their preliminary witness list who turns out is not the best-suited individual to testify as to the relevant issues, and Plaintiff has been unwilling to meet Defendants halfway.  Indeed, Plaintiff has refused to consider a framework that gives Defendants a chance to explore potential testifying individuals within a timeframe that allows Plaintiff to complete discovery within the schedule.

Defendants have proposed a practical framework that accomplishes the goals of all Parties.  Defendants propose that: (i) on or before May 6, Defendants will identify a potential testifying individual for each of the 14 third-party corporate witnesses currently on Defendants' March 31 preliminary witness list; (ii) Defendants may proceed to notice depositions of the identified potential testifying individuals, and may notice depositions of up to seven total additional potential testifying individuals from up to five of the 14 third parties currently on Defendants' preliminary witness list; (iii) Defendants may identify on their final witness list on June 4, 2025 any one of the potential testifying individuals for each third party, without that identification counting as an added witness; and (iv) any individual for a third party first identified to Plaintiff on Defendants' final witness list, or whose deposition was noticed after May 20, or a second or third individual from a given third party, will count as an added witness.

Defendants' proposal is pragmatic.  ***First***, Defendants' proposal provides warranted flexibility to accommodate the informational asymmetries that exist between the Parties.  Under Defendants' proposal, Defendants are not penalized for learning that they've identified the wrong individual for a third party prior to the close of the fact discovery period.  (Status Conference Tr. at 27:9 ("I'm sympathetic to the notion that there's an informational asymmetry.").)  ***Second***, Defendants' proposal ensures substantial completion of fact discovery before June 3.  All depositions for potential testifying individuals of third parties would occur on or before June 3, except those noticed on or before May 20 that occur after June 3 because of the witness's schedule.  This is consistent with the Case Management Order provision allowing for some depositions to occur after June 3.  ***Third***, Defendants' proposal eliminates any plausible prejudice to Plaintiff.  Defendants have agreed that Plaintiff would receive documents at least seven days before the deposition and that the hours spent on these depositions would not count against Plaintiff's 140-hour cap.  Plaintiff cannot claim to be prejudiced by Defendants' proposal in light of these requirements, which ensure that Plaintiff has all information and time necessary to conduct its depositions and which eliminate any prospect that Defendants would get a discovery "do-over" after June 3.  Any post-June 3 discovery would be limited to "cleaning up loose ends" and depositions of "add-on witnesses."  (Status Conference Tr. at 27-28.)

3

Defendants anticipate that Plaintiff will assert that Defendants are not entitled to take more than one deposition related to a third party before choosing the testifying witness. But Defendants have agreed to limit this possibility to just five of the 14 third-party witnesses on Defendants' preliminary list. The potential for more than one deposition exists only where Defendants have identified multiple potential witnesses or where a Rule 30(b)(6) deposition may be necessary because no potential witness has surfaced. Defendants need flexibility in identifying the correct witness for trial. The third parties are mostly competitors, and some are former customers as to whom Defendants have limited insight.

Plaintiff's counterproposal, for its part, unreasonably restrains Defendants' ability to identify potential testifying individuals and is at odds with the Court's guidance during the Status Conference. In short, Plaintiff asserts that Defendants must sacrifice a "swap" for any individual not identified as "the" testifying witness as of May 6 *even if Plaintiff is on notice and takes full discovery of that individual prior to the June 3 discovery cut off.* And Plaintiff's position is that once Defendants depose an individual they identify on or before May 6, Defendants cannot replace the individual without using one of their six swaps. These are unreasonable limitations that have no support in the Court's guidance. (Status Conference Tr. at 39:11-25 (indicating if "Defendants give [Plaintiff] a name" and the Parties deposes that individual, and then Defendants name a different individual, "if a deposition of that second witness can be accomplished before June 3rd, why would they not be able to do that?").) As a practical matter, Plaintiff's position is that changes can be made to Defendants' witness disclosures after May 6 *only* up until depositions take place. This is backward. It is the depositions that will enable Defendants to select their final witnesses.

Accordingly, Defendants respectfully request the Court enter Defendants' Proposed Order.

Respectfully submitted,

| /s/ James L. Moore III | /s/ Steven Sunshine |
|---|---|
| James L. Moore III | Steven C. Sunshine |
| Jeffrey G. Vernon | Julia K. York (*pro hac vice*) |
| United States Department of Justice | SKADDEN, ARPS, SLATE, |
| Antitrust Division |   MEAGHER & FLOM LLP |
| 450 Fifth Street NW, Suite 8000 | 1440 New York Avenue N.W. |
| Washington, DC 20530 | Washington, DC 20005 |
| Telephone: (202) 805-8413 | Telephone: (202) 371-7860 |
| Facsimile: (202) 616-2441 | Facsimile: (202) 661-0560 |
| Email: james.moore4@usdoj.gov | Email: steve.sunshine@skadden.com |
| Email: jeffrey.vernon@usdoj.gov | Email: julia.york@skadden.com |

*Counsel for Plaintiff United States of America*

Kenneth B. Schwartz
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-2731
Facsimile: (917) 777-2731
Email: ken.schwartz@skadden.com

The Court finds that the Government's proposal is more consistent with the provisions of the Civil Case Management Plan and Scheduling Order ("CMP") in this action (Dkt. No. 63), with the goal of conducting discovery in a fair and efficient manner in view of the exigencies of this case, and with the parameters provided by the Court at the April 23, 2025 status conference. Accordingly, the Court will sign the proposed order submitted by the Government. The Court is also concerned by the general lack of progress in scheduling depositions, as described in this letter, and directs the parties to provide a joint status update as to the status of deposition scheduling by no later than Thursday, May 8, 2025.

Michael L. Weiner
Lee F. Berger (*pro hac vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3957
Facsimile: (202) 429-3902
Email: mweiner@steptoe.com

*Counsel for Global Business Travel Group, Inc.*

Date:  May 1, 2025
        New York, NY

/s/ Michael Murray
Michael F. Murray
Ryan Phair
Paul Hastings LLP
2050 M St. NW
Washington, DC 20036
Telephone: (202) 551-1730
Facsimile: (202) 551-0230
Email: michaelmurray@paulhastings.com
Email: ryanphair@paulhastings.com

**SO ORDERED:**

*[signature]*

**HON. GARY STEIN**
**UNITED STATES MAGISTRATE JUDGE**

*Counsel for CWT Holdings, LLC*

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC., and CWT HOLDINGS, LLC,<br><br>*Defendants*. | Civil Action No.: 1:25-cv-00215-VM<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' LETTER MOTION TO COMPEL, ECF NO. 82** |

On April 17, 2025, the United States filed a letter motion to compel, ECF No. 82, requesting that the Court order that (1) Defendants provide the names of specific individuals for their preliminary witness list no later than May 1, 2025; and (2) any substitutions after that date count as one of the six "adds" allowed under the Civil Case Management Plan and Scheduling Order, ECF No. 63 (the "CMO"). On April 21, 2025, Defendants Global Business Travel Group, Inc., and CWT Holdings, LLC (collectively, "Defendants," and together with the United States, the "Parties"), filed their response in opposition, ECF No. 88. On April 23, 2025, the Court held a status conference to hear arguments on the letter motion. Having considered the Parties' arguments, the Court grants in part and denies in part the United States' motion to compel.

**IT IS HEREBY ORDERED**:

1. Defendants shall provide the name of the natural person who is a current or former director, officer, or employee for each third party identified on Defendants' March 31, 2025 preliminary witness list and who is the individual that Defendants may call at trial (the "Testifying Individuals") **on a rolling basis as those names are available to them**, and in all events no later than **May 6, 2025, at 5 pm ET**.

1

2. Between **May 6, 2025, at 5 pm ET** and **May 20, 2025, at 5 pm ET**, Defendants may "correct" the names of Testifying Individuals provided to the United States as of May 6, 2025, provided that:

    A. Defendants must notify the United States of their "corrections" at least seven (7) calendar days prior to the scheduled date for the deposition of the individual previously identified as the Testifying Individual for that third party;

    B. The deposition of the newly named Testifying Individual is scheduled at least seven (7) calendar days after the date upon which Defendants provide the "correction" and for a date on or before the close of fact discovery on June 3, 2025, absent mutual agreement of the Parties to schedule the deposition at a different date; and

    C. Productions of documents relevant for the newly named Testifying Individual that are responsive to all Parties' subpoenas are produced to all Parties at least seven (7) calendar days prior to the scheduled date for the deposition of the newly named Testifying Individual.

    D. Once the Testifying Individual for a third party has been deposed, Defendants may no longer "correct" the name of the Testifying Individual for that third party, absent good cause shown.

3. After **May 20, 2025**, Defendants may only make "corrections" to the names of Testifying Individuals provided to the United States on May 6, 2025, upon good cause shown.

4. For the avoidance of doubt, no "correction" to Defendants' preliminary witness list made up to and including June 3, 2025, and in accordance with either Paragraphs 2 or 3 above, shall count as an "add" within the meaning of Paragraph 19(B) of the CMO.

5. Any natural person appearing on Defendants' June 4, 2025 final witness list who was not identified as one of the 25 witnesses on Defendants' preliminary witness list, including as a "corrected" name of a Testifying Individual as allowed by Paragraphs 2 and 3 of this Order, shall count as one of the six (6) "adds" to which each side is entitled under Paragraph 19(B) of the CMO.

**SO ORDERED:**

Dated:
New York, New York

_____
Hon. Gary Stein
United States Magistrate Judge

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOBAL BUSINESS TRAVEL GROUP, INC., and CWT HOLDINGS, LLC,<br><br>*Defendants*. | Civil Action No.: 1:25-cv-00215-VM<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' LETTER MOTION TO COMPEL, ECF NO. 82** |

On April 17, 2025, the United States filed a letter motion to compel, ECF No. 82, requesting that the Court order that (1) Defendants provide the names of specific individuals for their preliminary witness list no later than May 1, 2025; and (2) any substitutions after that date count as one of the six "adds" allowed under the Civil Case Management Plan and Scheduling Order, ECF No. 63 (the "CMO"). On April 21, 2025, Defendants Global Business Travel Group, Inc., and CWT Holdings, LLC (collectively, "Defendants," and together with the United States, the "Parties"), filed their response in opposition, ECF No. 88. On April 23, 2025, the Court held a status conference to hear arguments on the letter motion. Having considered the Parties' arguments, the Court grants in part and denies in part the United States' motion to compel.

**IT IS HEREBY ORDERED**:

1.  On or before **May 6, 2025, at 5 pm ET**, Defendants shall identify, for each of the fourteen (14) third-party corporate witnesses currently on Defendants' March 31, 2025 preliminary witness list, a natural person who is a current or former director, officer, or employee of the third party ("Potential Testifying Individuals").

1

2. Defendants may proceed to notice depositions of each of the identified Potential Testifying Individuals, provided that:

    A. For nine (9) of the corporate entities included on Defendants' preliminary witness list, Defendants may depose only the Potential Testifying Individual, unless the Potential Testifying Individual becomes unavailable for reasons beyond Defendants' control, in which case a different individual from that corporate entity may be substituted for the Potential Testifying Individual; and

    B. For the remaining five (5) corporate entities included on Defendants' preliminary witness list, Defendants may notice the Potential Testifying Individual plus a total of seven (7) additional depositions, which may be (i) of a current or former director, officer, or employee of the third party or (ii) a corporate deposition (collectively, "Additional Third Party Deponents"). The Defendants' deposition notice to each Additional Third Party Deponent shall constitute notice to Plaintiff that the Additional Third Party Deponent may appear on Defendants' final witness list. Depositions of Additional Third Party Deponents shall not count against Plaintiff's cap on deposition hours.

3. Depositions of Potential Testifying Individuals and Additional Third Party Deponents shall be noticed with sufficient time for document discovery to be completed, and must be scheduled at least seven (7) days after the completion of the document production for the relevant third party unless otherwise agreed by the Parties.

4. Provided that Plaintiff has had the opportunity to depose the Potential Testifying Individual and Additional Third Party Deponents on or before June 3, 2025, Defendants may identify on their final witness list on June 4, 2025, any one of the Potential Testifying Individuals or Additional Third Party Deponents without that identification counting as an added witness. For the avoidance of doubt, a deposition noticed by May 20, 2025, but occurring after June 3, 2025 by agreement of the Parties, satisfies the conditions of this provision.

5. Any individual for a corporate third party included on Defendants' June 4, 2025 final witness list whose deposition was not noticed by May 20, 2025, will count as an added witness absent good cause shown.

**SO ORDERED:**

Dated:
New York, New York

_____
Hon. Gary Stein
United States Magistrate Judge